**In the Interest of A.J.K., A Child.**

**No. 14–02–00397–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 17, 2003.

Patrick J. Gilpin, Houston, for appellants.

David S. Masquelette, Marcia L. Zimmerman, Houston, Otto D. Hewitt, III, Alvin, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and FROST.

**OPINION**

WANDA McKEE FOWLER, Justice.

In this suit affecting the parent-child relationship, Tyson and Laura Kennedy

appeal a final order establishing conservators of the Kennedys' child, A.J.K. The order appointed Laura Kennedy's parents, James and Katherine Hawthorne, joint managing conservators and gave the Kennedys only joint possessory conservatorship of A.J.K. In two issues, the Kennedys contend the evidence was legally and factually insufficient to support the jury's finding that appointing them as joint managing conservators would not be in A.J.K.'s best interest because their appointment would significantly impair A.J.K.'s physical health or emotional development. The Hawthornes and the other appellee, the Texas Department of Protective and Regulatory Services (TDPRS), claim this finding is supported by sufficient evidence. They also contend the Kennedys did not timely file their appeal and it should be dismissed. They claim this appeal is subject to the rules for accelerated appeals as provided in Texas Family Code section 263.405. If controlling, this issue would dispose of the appeal.

Undisputedly, the Kennedys did not meet the deadline for filing an accelerated appeal. But the Kennedys vigorously assert the accelerated appeal rules do not apply to this case because the TDPRS did not request termination of parental rights at trial. The question the Kennedys raise is this: If a case filed by the TDPRS initially involves a termination and a conservatorship request under subchapter 263 of the Family Code, but termination ultimately is not sought and the case turns into a custody fight with the parents, grandparents and the TDPRS as parties, does section 263.405 still apply to require an accelerated appeal? We hold that the accelerated appeal rule set out in section 263.405 applies when (1) the TDPRS files a suit requesting conservatorship of the child *or* termination of parental rights, and (2) a final order—as defined by section 263.401—is entered. Because this suit met those requirements, we dismiss the appeal as being untimely filed.

## I. BACKGROUND

In September of 2000, the TDPRS filed suit for emergency protection of A.J.K., and requested the court to either terminate the parent-child relationship or, alternatively, appoint the TDPRS or another party as managing conservator of the child. Shortly thereafter, pursuant to a mediation agreement between the Kennedys and the TDPRS, the court appointed the TDPRS temporary sole managing conservator. Several months later, the conservatorship appointment and A.J.K.'s placement were reviewed, and the court modified the terms of the prior mediation agreement but continued the appointment of the TDPRS as temporary sole managing conservator. On August 1, 2001, the court entered an order extending the one-year dismissal deadline to November 26, 2001.[1]

A trial before a jury, with the Kennedys, the Hawthornes, and the TDPRS as parties, was concluded in September of 2001. Upon the jury's unanimous verdict, the court rendered a final order on November 26 appointing A.J.K.'s maternal grandparents, the Hawthornes, as her joint managing conservators; it appointed the Kennedys as joint possessory conservators. The trial court signed a final order on January 16, 2002. The Kennedys filed a motion for new trial on February 15, 2002, and filed their notice of appeal on April 11, 2002.

---

**1.** Section 263.401 of the Family Code requires a trial court to dismiss a suit affecting the parent-child relationship filed by the TDPRS within one year of the court's initial order in the case, but also provides for one 180-day extension. Tex. Fam.Code Ann. § 263.401 (Vernon 2002).

## II. THE PARTIES' CLAIMS

### A. THE TDPRS CLAIMS § 263.405 APPLIES TO THIS CASE.

▮ The Hawthornes and the TDPRS contend that the Kennedys' notice of appeal is untimely because the appeal is governed by newly enacted Texas Family Code section 263.405, which provides for accelerated appeals:

An appeal of a final order rendered under this subchapter is governed by the rules of the supreme court for accelerated appeals in civil cases and the procedures provided by this section. The appellate court shall render its final order or judgment with the least possible delay.

TEX. FAM.CODE ANN. § 263.405(a) (Vernon Supp.2002). This section further provides that the filing of a motion for new trial does not extend the deadline for filing a notice of appeal:

A motion for a new trial, a request for findings of fact and conclusions of law, or any other post-trial motion in the trial court does not extend the deadline for filing a notice of appeal under Rule 26.1(b), Texas Rules of Appellate Procedure, or the deadline for filing an affidavit of indigence under Rule 20, Texas Rules of Appellate Procedure.

TEX. FAM.CODE ANN. § 263.405(c). Texas Rule of Appellate Procedure 26.1(b) provides that a notice of appeal in an accelerated appeal must be filed within 20 days after the judgment or order is signed. The Hawthornes and the TDPRS point out that the Kennedys followed the traditional appeal rules, filing a motion for new trial 30 days after entry of the judgment to extend the deadline for filing their notice of appeal and filing their notice of appeal 55 days later. They claim that this notice of appeal, filed 85 days after the final

judgment was signed, was untimely and the appeal must be dismissed.

### B. THE KENNEDYS CLAIM THAT SECTION 263.405 DOES NOT APPLY.

In response, the Kennedys argue three points: (1) section 263.405 applies only when the TDPRS pursues termination of parental rights through trial, and if it abandons its termination claim and custody remains the only issue, the rules for accelerated appeals do not apply; (2) the trial court did not consider this a parental termination case because it did not render its final order on or prior to the statutory dismissal date as required in Texas Family Code section 263.401; and (3) dismissing this appeal on jurisdictional grounds would produce an absurd result not favored in the law when the statute is ambiguous and the case was not tried as a termination of parental rights case.

### C. THE CENTRAL ISSUE IN THE CASE.

None of the parties disputes that the accelerated appeal provision applies in a termination suit. But here, the TDPRS abandoned its request for termination, yet remained a party and apparently focused its efforts on getting the Hawthornes custody. Central to the Kennedys' claim that section 263.405 does not apply is whether abandonment of the termination claim took this case—initially filed under subtitle E—out of the subtitle, and transformed it into a "normal" custody case subject to the normal appellate deadlines. Answering that issue will answer the first and third of the Kennedys' points listed above.

The Kennedy's primary issue—that section 263.405 applies only to cases in which termination of the parent-child relationship is pursued through trial—appears to be based on section 109.002(a) of the Family Code:

An appeal from a final order rendered in a suit, when allowed under this section

or under other provisions of law, shall be as in civil cases generally. *An appeal in a suit in which termination of the parent-child relationship is in issue shall be given precedence over other civil cases and shall be accelerated by the appellate courts.* The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship *is in issue.*

TEX. FAM.CODE ANN. § 109.002(a) (emphasis added). Because all of the parties agree that this case initially was subject to Chapter 263, we will begin our inquiry by looking at that statute to determine if it still applies to this case.

## III. RULES FOR CONSTRUING A STATUTORY SECTION

■ In construing a statutory section, the ultimate purpose is to discover the legislature's intent. *See Meritor Auto., Inc. v. Ruan Leasing Co.,* 44 S.W.3d 86, 89 (Tex.2001). To help discover this intent, the Code Construction Act enumerates rules of construction. *See* TEX. GOV'T CODE ANN. § 311.002 (Vernon 1998) (Act applies to codes and amendments enacted after 60th legislative session); *see also* TEX. GOV'T CODE ANN. § 311.003 ("The rules provided in this chapter are not exclusive but are meant to describe and clarify common situations in order to guide the preparation and construction of codes.").

Section 311.023 of the Code Construction Act directs that courts may consider, among other factors, the laws on the same or similar subjects. *See* TEX. GOV'T CODE ANN. § 311.023(3). But, the *Meritor* court cautioned that, if the meaning of the statutory language is unambiguous, the exceptions are rare when its interpretation through the factors listed in section 311.023 would deviate from the interpretation supported by the plain meaning of the provision's words and terms. *Meritor,* 44 S.W.3d at 89.

## IV. CONSTRUING SECTION 263.405

**A. SECTION 263.405 APPLIES EVEN IF A TERMINATION REQUEST IS DROPPED.**

We turn, then, to section 263.405. But before we take a detailed look at the language of the section, we think it useful to look at the broader picture—where section 263.405 is located in the Family Code. Section 263.405 falls under subtitle E, entitled "Protection of the Child." Subtitle E is in Title 5, called "The Parent–Child Relationship and the Suit Affecting the Parent–Child Relationship." Of the five titles in the Family Code, only Title 5 contains legislation governing the parent-child relationship and suits involving that relationship.[2] Of the five subtitles in Title 5, only subtitle E, which is the very last subtitle in the Family Code, speaks to the role the TDPRS has in protecting children and the procedures it must follow when it intervenes in the family to protect a child. *See* TEX. FAM.CODE ANN. CHAPS. 261–265.[3]

---

**2.** One other Title—Title 2—involves children, but its provisions are not applicable here. Instead, it concerns (1) removal of disabilities of minority, *see* TEX. FAM.CODE ANN. §§ 31.001–.007; (2) consent to treatment of a child by someone other than the parent, *see* TEX. FAM. CODE ANN. §§ 32.001–.201; (3) notice of abortion, *see* TEX. FAM.CODE ANN. §§ 33.001–.011; (4) parental liability for a child's conduct, *see* TEX. FAM.CODE ANN. §§ 41.001–.003; (5) liability for interference with possessory rights, *see*

TEX. FAM.CODE ANN. §§ 42.001–.009; and (6) change of name, *see* TEX. FAM.CODE ANN. §§ 45.001–.005.

**3.** Presumably, placing this subtitle last was on purpose, and it certainly makes sense. Intervention by the TDPRS into the family is a last resort, of sorts, taken only after ensuring that it is necessary. Other sections in the Family Code also contain references to the TDPRS and contemplate its involvement with the family unit—TEX. FAM.CODE ANN. § 151.131

Chapter 263, of which section 263.405 is one of many sections, deals very specifically with the review of children placed under the care of the TDPRS, and subchapter E—which contains sections 263.401–.405—of Chapter 263 relates solely to a final order for a child under the care of the TDPRS. In short, then, subtitle E—which includes Chapter 263 and subchapter E—has a role unique in the Family Code: its sole focus is the protection of the child—both from abuse by others and from the uncertainty caused when the TDPRS intervenes in the family. Subchapter E's focus is even narrower; it provides the framework by which a final order is entered and appealed. An inverse pyramid chart of the relationships among these titles, chapters, and sections looks like this:

♦ *Title 5:* The Parent–Child Relationship and the Suit Affecting the Child

♦ *Subtitle E:* Protection of the Child

♦ *Chapter 263:* Review of Placement of Children under care of DPRS

♦ *Subchapter E:* Final Order for Child under Department Care (§§ 263.401–405)

Knowing where subchapter E falls in the Family Code and its unique role in the Code, we turn to the plain language in section 263.405. *See Bragg v. Edwards Aquifer Auth.,* 71 S.W.3d 729, 734 (Tex. 2002); *see also* Tex. Gov't Code Ann. § 311.011(a) ("[w]ords and phrases shall be read in context and construed according to the rules of grammar and common us-

age."). It states that an appeal from a "final order" that is "rendered under this subchapter" is governed by the rules for accelerated appeals in civil cases. This language is very clear, especially when one considers the related sections in subchapter 263.

The main purpose of section 263.401 is to set out a 12–month time-limit—plus one possible 180–day extension—within which a court must finally dispose of a suit in which a child is in the care of the TDPRS. This time limit applies to cases in which (1) the TDPRS has requested to be appointed conservator of the child, or (2) the TDPRS has requested termination of the parent-child relationship. This case fell under section 263.401 because the TDPRS requested that both options be considered.

The "final order" referred to in section 263.405(a) is also defined in section 263.401. The definition of "final order" is important because a case must be dismissed if an order qualifying as a final order is not entered within the stated time-frame. The legislature chose to define "final order" broadly; the definition encompasses just about all—if not all—of the orders a court would enter if a child under the care of the TDPRS were before it.

An order that qualifies as a final order under subchapter E does one of the following:

(1) requires that a child be returned to the child's parent;

---

(Vernon 2002) (presuming that a parent will be appointed managing conservator (1) unless that would not be in the best interest of the child, because it would significantly impair the child's well-being, or (2) family violence exists); Tex. Fam.Code Ann. § 151.005 (Vernon 2002) (authorizing the appointment of a sole or joint managing conservator and listing those persons who may be appointed a man- aging conservator, including approved agencies); Tex. Fam.Code Ann. § 153.004 (Vernon 2002) (discussing how a history of family violence will impact who is chosen as managing conservator of a child)—but nowhere else does the Family Code set forth the details governing the TDPRS's contact with the family unit and children.

(2) names a relative of the child or another person as the child's managing conservator;

(3) without terminating the parent-child relationship, appoints the department as the managing conservator of the child; or

(4) terminates the parent-child relationship and appoints a relative of the child, another suitable person, or the department as managing conservator of the child.

TEX. FAM.CODE ANN. § 263.401(d). Here, the case concluded with an order that fell under one of the four categories in subsection 263.401(d): It named a relative of the child as managing conservator. *See* TEX. FAM.CODE ANN. § 263.401(d)(2). Clearly, this order qualified as a final order.

With all of this information in hand, if we take a second look at section 263.405, it seems—undeniably—to apply to this final order.

(a) an appeal of a final order rendered under this subchapter is governed by the rules of the supreme court for accelerated appeals in civil cases and the procedures provided by this section.

TEX. FAM.CODE ANN. § 263.405(a).

As we noted earlier, two suits fall under the purview of section 263.401 and subchapter E: A suit for termination of parental rights and a suit requesting that the department be named as conservator. The TDPRS's pleading here contained both requests. Subchapter E does not require that only a termination request be made before it will apply. It requires either of two requests: either a termination or a conservatorship request (although the TDPRS may choose to plead both and did so here). Because this suit started out as both a termination and a custody request, and the TDPRS remained in the suit—dropping only the termination request—this was still a subchapter E suit subject to a subchapter E final order.[4]

To sum up, this was a final order. Clearly, it was rendered under subchapter E. Clearly, it was governed by the rules for accelerated appeals in civil cases and the procedures in section 263.405. As we discuss below, this conclusion makes sense from many perspectives.

**B. REASONS CHAPTER 263'S ACCELERATED APPEAL SHOULD APPLY EVEN WITHOUT TERMINATION REQUEST.**

Several reasons exist for applying the accelerated appeal rules to this case; they are both policy-based and practical.

First, if the underlying suit is subject to a time-limit within which it must be disposed of by the court or dismissed, *see* TEX. FAM.CODE ANN. § 263.405(f)–(h), it is perfectly reasonable to require an appeal to be taken within a short time period. Allowing ordinary appellate timetables to apply would defeat the purpose of the

---

4. At least one family law commentator has concluded that section 263.405 requires an accelerated appeal in a suit in which the TDPRS has intervened in the family unit and remains a party to the suit:

This section establishes specific post-trial procedures for prompt resolution of child protection cases. These cases are now clearly subject to accelerated appeals under the Texas Rules of Appellate Procedure, as provided by this section and by amendments to § 109.002. A notice of appeal must be filed within 20 days after the judgment is signed. The party seeking to appeal must reveal the points for appeal within 15 days after the judgment is signed. The trial court must hold a hearing within 30 days after the judgment is signed to determine whether: (1) a new trial should be granted; (2) the appellant is indigent; and, (3) the appeal is frivolous.

Charles G. Childress, *Comment to Section 263.405*, SAMPSON & TINDALL'S TEXAS FAMILY CODE ANNOTATED at 965 (August 2002).

statute—to resolve these cases as quickly as feasible.

Second, while a suit filed by the TDPRS is pending, the emotional impact on the family unit is great—whether termination or managing conservatorship is requested—so there is no reason to treat these two alternatives differently. Even when termination has not been requested, when a child is in the care of the TDPRS, it is just as much in the child's best interest that the case be resolved as quickly as it is when termination is requested. In both cases, the child is separated from the parent(s). Common sense says that a temporary situation creates anxiety for the entire family unit, and none of the members of the family unit—most especially the child—can fully adjust emotionally until the uncertainty is resolved. The obvious goal is location of a permanent home for the child as quickly as possible. The Legislature's intent to further this goal has been recognized as one of the express purposes behind the enactment of Chapter 263: "[l]andmark legislation mandating a basic one-year deadline for lawsuits in which the State intervenes in a family was enacted in a[n] attempt to urge placement of [a] child and not allow [the child] to languish in an unresolved status." *See* Cynthia Bryant & Charles G. Childress, *Introductory Comment to Chapter 263*, SAMPSON & TINDALL'S TEXAS FAMILY CODE ANNOTATED at 950. Thus, because of the emotional impact, whenever the TDPRS has intervened in the family unit—whether or not it requests termination—the legislature has required prompt disposition, both at the trial level and at the appellate level.

Third, cases like this—in which the custody battle is not between two parents, but between the parents and a relative, or the parents and the TDPRS, or the parents and another third party—are fundamentally different than a custody battle between two parents. At the conclusion of a typical custody battle, one of the child's parents will be named managing conservator; but, at the conclusion of a custody battle under Chapter 263, the managing conservator may not be the parent (as in this case). And, even if the parent is named as managing conservator, the TDPRS (being a party to the suit) and the relative or other third party who sought custody have the right to appeal the appointment of the parent as managing conservator. In this situation, it is in the best interest of the child for the appeal to be accelerated, for the same reasons noted earlier: the faster the appeal is concluded, the faster custody between the parent and a third party is resolved, and the faster the uncertainty for all of them (child, parent and third party) is resolved.

■ Finally, having decided that the suit itself falls within Chapter 263, logically, we should apply the appeal provision contained in that chapter—§ 263.405—rather than a general appeal provision—§ 109.002—contained in a completely different chapter. *See* TEX. FAM.CODE ANN. §§ 109.002, 263.405. The rules of statutory construction support our conclusion; when two statutory provisions arguably apply, the more specific generally controls. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 901 (Tex.2000). Our conclusion also provides a bright-line test that eliminates uncertainty for litigants attempting to determine whether the accelerated appeal rules apply to their case.

### C. THE LEGISLATIVE HISTORY IS INCONCLUSIVE.

We asked the parties to provide us the legislative history on subchapter E. We have reviewed the limited information they provided and find it inconclusive.

## V. CONSTRUING SECTION 109.002

### A. THE PLAIN LANGUAGE OF SECTION 109.002: WHY IT DOES NOT CONTROL.

Although we think our prior analysis makes it abundantly clear that section 263.405 applies to this case, we will address briefly the Kennedys' claim that section 109.002 should apply anyway. As explained earlier, the Kennedys argue that, under section 109.002(a), an appeal from a final order is "as in civil cases generally" unless the suit is one in which termination of the parent-child relationship is "in issue." *See* TEX. FAM.CODE ANN. § 109.002(a). Because termination was not "in issue" through trial, they contend that the rules for accelerated appeal do not apply.

Like section 263.405, section 109.002 falls under "Title 5: The Parent–Child Relationship and the Suit Affecting the Parent–Child Relationship." Unlike section 263.405, which falls under subtitle E, pertaining solely to actions by the TDPRS, section 109.002 is in subtitle A, "General Provisions." Subtitle A pertains to suits brought by the parents of a child, to suits the TDPRS has brought or joined, and to suits brought by others.

As noted earlier, rules of statutory construction require us to apply the more specific statute rather than the more general. *Auld,* 34 S.W.3d at 901. Section 109.002 clearly is the more general statute.

In addition, our holding will not render section 109.002's language referring to appeal of a termination case superfluous. Another chapter of the code—Chapter 161—relates strictly to termination of the parent-child relationship. *See* TEX. FAM. CODE ANN. §§ 161.001–.211 (Vernon 2002).

It sets out the grounds for termination, procedures for requesting termination, and lists other requirements and procedures for various aspects of hearings and orders related to termination. But, Chapter 161 does not expressly provide for an appeal of a termination order.[5] Consequently, there is at least one reason, apart from section 263.405, that section 109.002 specifically refers only to termination: it provides for accelerated appeals from a termination order entered in Chapter 161. And, there is no reason for it to refer to non-termination cases in which an appeal may be accelerated, because subchapter E takes care of those situations.

Finally, even if section 109.002 did apply to subchapter E, our interpretation of section 263.405 does not contradict section 109.002. Section 109.002 does not exclude the possibility that a final order, like the one entered here, may be accelerated. It merely makes it clear that a final order terminating the parent-child relationship shall be accelerated.

### B. NO PRACTICAL REASONS SECTION 109.002 SHOULD CONTROL.

When we considered the consequences of requiring an accelerated appeal under section 263.405, we found many reasons for applying it to a case in which the TDPRS was involved; we found many reasons why it made sense. All of those reasons—applying the more specific statute, subjecting the appeal to time deadlines because the underlying suit is also subject to deadlines, quickly resolving the uncertainty for the family, and finding a fundamental difference between a suit for custody between two parents or relatives and a suit in which someone other than the parents may secure custody—militate against in-

---

5. Section 161.211 refers to direct or collateral attacks—as opposed to appeals—on termination orders. Its purpose is to set time limits within which these attacks must be

made. *See* TEX. FAM.CODE ANN. § 161.211. With limited exceptions, these attacks must be made within six months. *See id.*

terpreting section 109.002 to say that *only* termination final orders are accelerated. Simply put, there are no practical reasons to adopt the Kennedys' interpretation of sections 109.002 and 263.405, and we find no absurd results that would ensue if we do not adopt their argument.

## VI. THE TRIAL COURT FOLLOWED THE DEADLINES SET OUT IN SECTION 263.401.

The Kennedys' last claim is that sections 263.401 and 405 do not apply to this case because the trial court did not follow the time deadlines contained in section 263.401. Without getting into the fallacies of this argument, we note only that the trial court did follow the deadlines. One year after the intervention by the TDPRS, the trial court granted a 180-day extension and, on the jury's verdict, it *rendered* a final order on the 180th day of the extension—November 26, 2001. *See* Tex. Fam. Code Ann. § 263.401(b)(3) (stating that if the court grants an extension, it must set a final hearing so that it can *render* a final order or dismiss the suit on or before the 180th day of the extension).

## CONCLUSION

To summarize, the provisions of subchapter 263 continue to apply to a suit in which the TDPRS has intervened in the family unit and remains a party to the suit—even if the TDPRS does not ultimately request termination of parental rights—because this type of case has the same issues as a termination case: the child has been taken from the parent, someone other than the parent may be appointed the managing conservator, and the child's emotional state has been placed in jeopardy, in part because of the events leading up to the TDPRS's intervention, and in part because the child's future remains uncertain.

For these reasons, we conclude that this case is subject to the accelerated appeal provision contained in section 263.405. Because it was not filed within the time deadlines set out in that section, the appeal is dismissed for lack of jurisdiction.