NO. 07-04-0442-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 8, 2004

_____


IN THE INTEREST OF K.M., A CHILD

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 67,189-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ORDER ON MOTIONS**

Appellant Scott Reggio appeals the final order in a suit affecting the parent-child relationship. In April 2003 the Texas Department of Family and Protective Services filed suit in the 320th District Court under cause number 67,189-D, requesting emergency protection of the child, K.M. The department asked to be named temporary sole managing conservator of the child, requested a determination whether Reggio was the father of the child, and requested the court permanently place the child with a relative or the department, if reunification with the parents could not be achieved. The petition did not request termination of parental rights.

The record indicates the department was initially unaware that in 1999 Reggio had been determined to be the father of K.M. and appointed possessory conservator in cause number 59,825-D, also in the 320th District Court. In January of 2003 Reggio had filed a petition in cause number 59,825-D requesting the court modify the terms of possessory conservatorship to name the child's paternal grandmother Judith Raborn as a joint possessory conservator.[1] Reggio asked to retain all rights he was granted as possessory conservator in the original decree, but requested that his mother be allowed limited visitation with K.M. After cause number 67,189-D was filed, Reggio filed an additional motion in that cause requesting Raborn be allowed access to the child. Shortly thereafter Raborn filed a petition in intervention seeking managing conservatorship of the child.

The department filed a motion to consolidate the two causes and an order was signed consolidating them under cause number 67,189-D. At the time cause number 67,189-D was filed, Reggio remained incarcerated in the Texas Department of Criminal Justice. The record indicates he was not present at the final hearing held by the trial court in this proceeding.

After a hearing in June 2004, the court named Raborn sole managing conservator of the child and named the child's mother as possessory conservator. The final order

---

[1]Reggio, who was not incarcerated when the original decree in cause number 59,825-D was signed, was incarcerated at the time he filed his petition to modify possessory conservatorship.

dismissed the department as a party to the suit. Reggio was not named a possessory conservator.[2] It is this order he appeals.

Reggio filed his pro se notice of appeal, a declaration of inability to pay costs and "Motion to Vacate Default Judgment" with the trial court. He has filed motions requesting this court appoint counsel to represent him on appeal and requesting additional time to file a pro se brief. He also requests a reporter's record of the trial court proceedings.[3] We directed the department to submit a response to appellant's request for counsel. The department responded and filed a motion to dismiss the appeal arguing that Reggio's notice of appeal was not timely and that Reggio had failed to file a statement of points on which he intended to appeal, as required by Section 263.405(b) of the Texas Family Code.[4] We find that Reggio is not entitled to counsel and remand the cause to the trial court.

We first address the department's contention that Reggio's notice of appeal was not timely. If the department files suit seeking to be named conservator of a child, and if a final order is rendered, appeal of that order is governed by the rules for accelerated appeals in

---

[2]We note that the order establishing Reggio as the father of K.M. also orders that visitation is subject to an order of the court in cause number 38,930-D prohibiting him from having any contact with the child or the mother of the child. The record indicates Reggio was convicted for having sexual relations with the child's mother who was fifteen at the time.

[3]A clerk's record of cause number 67,189-D, containing also some documents from cause number 59,825-D, has been filed.

[4]Unless otherwise indicated, references to Sections are to the Texas Family Code Annotated (Vernon 2002).

civil cases and the procedures outlined in Section 263.405 of the Family Code. Tex. Fam. Code Ann. § 263.401(a), (d), 263.405(a).[5]

A final order is defined by Section 263.401(d) as an order that requires a child be returned to the child's parent, appoints the department as managing conservator of the child with or without terminating the parent-child relationship, or names a relative of the child or another person as the child's managing conservator. Tex. Fam. Code Ann. § 263.401(d). Here, the department filed suit, was named temporary managing conservator of the child and continued as a party to the suit until the final order dismissed it from the suit. A final order was entered naming the child's paternal grandmother as managing conservator of the child without termination of the parent-child relationship of either parent. *See In re A.J.K.*, 116 S.W.3d 165 (Tex.App.–Houston [14th Dist.] 2003, no pet.) (finding that appeal from a "final order" as defined in Family Code Section 263.401(d) is an accelerated appeal even when termination of the parent child relationship is not an issue). The order signed by the court on June 28, 2004, was a final order as defined by Section 263.401. The appeal of that order meets the criteria for an accelerated appeal under 263.405.

In an accelerated appeal an appellant has twenty days after the trial court signs its order to file a notice of appeal. Tex. R. App. P. 26.1(b). The Rules of Appellate Procedure allow this court to extend the time to file a notice of appeal for 15 days following the

---

[5]Subchapter E of Chapter 263 of the Texas Family Code, titled "Final Order for Child Under Department Care," addresses review of the placement of children under the care of the Department of Protective and Family Services. *See In re A.J.K.*, 116 S.W.3d 165 (Tex.App.–Houston [14th Dist.] 2003, no pet.) (containing a detailed analysis of Subchapter E).

deadline, if the party also files a motion for extension that reasonably explains the need for the extension. Tex. R. App. P. 10.5(b)(1)(C), 26.3; *see also Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). A motion for extension of time is implied when a notice of appeal is filed in good faith within the 15-day window following the deadline. *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617. It is still necessary, however, for an appellant to reasonably explain the need for an extension. *Jones*, 976 S.W. 2d at 677; *Verburgt*, 959 S.W.2d at 617. A reasonable explanation includes any plausible statement of circumstances indicating that failure to file within the required period was not deliberate or intentional. *See Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 669-70 (Tex. 1989), citing *Meshwert v. Meshwert*, 549 S.W.2d 383 (Tex. 1977). Further, we are instructed to construe the Rules of Appellate Procedure "reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Verburgt*, 959 S.W.2d at 616-17.

The judgment appealed here was signed on June 28, 2004. Reggio's notice of appeal was filed with the trial court on July 28, 2004, 30 days after the judgment was signed. Because a motion for extension is implied when a notice of appeal is filed in good faith within fifteen days following the deadline, Reggio's notice of appeal would be timely, if he has a reasonable explanation for the delay. *Jones*, 976 S.W. 2d at 677; *Verburgt*, 959 S.W.2d at 617. Reggio filed a response to the department's motion to dismiss, explaining that he believed Rule of Appellate Procedure 4.2 allowed him twenty days from the date he received notice of the order, to file his notice of appeal. He received notice of the order on July 6, 2004, and mailed his notice of appeal on July 22, 2004. Rule 4.2 applies only if the

appellant did not receive notice of the judgment within 20 days of the date it was signed. Tex. R. App. P. 4.2. Reggio acknowledges he received notice of the order eight days after it was signed, and as a result Rule 4.2 does not apply. But, because his failure to file within the required period was not deliberate or intentional we find Reggio had a reasonable explanation for the delay.

The department agrees that Section 263.405 applies to this case, but next argues that Reggio's affidavit of indigence and request for appointment of counsel are untimely and therefore of no effect. An affidavit of indigence must be filed in the trial court with or before the notice of appeal. Tex. R. App. P. 20.1(c)(1). We have determined appellant's notice of appeal to be timely and because the affidavit of indigence was filed with the notice of appeal, it was also timely filed.

The department also contends that because Reggio failed to file a statement of points as required by the Family Code, the appeal should be dismissed. Section 263.405(b) provides that a party intending to appeal the order subject to Subchapter E must file with the trial court a statement of the point or points on which the party intends to appeal. Tex. Fam. Code Ann. § 263.405(b). Failure to file a statement of points does not deprive the appellate court of jurisdiction. *In re T.A.C.W.*, 143 S.W.3d 249, 251 (Tex.App.–San Antonio 2004, no pet.); *In re T.C.*, No. 07-03-0077-CV, 2003 WL 21658314 at *2 (Tex.App.–Amarillo, July 15, 2003, no. pet.); *In re D.R.L.M.*, 84 S.W.3d 281, 290-91 (Tex.App.–Fort Worth 2002, pet. denied).

Moreover, although Reggio did not file a statement of points, he did include in his notice of appeal a statement of the issues he plans to raise in his appeal. The purpose of the requirement that an appellant file a statement of points on appeal is to provide the trial court with the information needed to determine whether an appeal is frivolous, thereby allowing rapid disposition of frivolous appeals. *In re S.J.G.,* 124 S.W.3d 237, 242-43 (Tex.App.–Fort Worth 2003, pet. denied). Reggio's notice of appeal contains the points he plans to raise on appeal and provides the information required by Section 263.405(b). We will not dismiss the appeal because of a failure to file a separate statement of points. The department's motion to dismiss is denied.

We next consider Reggio's request for appointment of appellate counsel. The Family Code did not require appointment of counsel for Reggio at trial, even assuming his indigency. An attorney ad litem must be appointed to represent an indigent parent in a suit filed by the department in which termination of the parent-child relationship is requested if the parent responds in opposition to the termination. Tex. Fam. Code Ann. § 107.013(a) (Vernon Supp. 2004-2005).[6] Nothing in the record before us indicates the department requested termination of parental rights at any stage of the proceedings.[7]

---

[6]In this respect, there is no difference in the provisions of Family Code Section 107.013 in effect before September 1, 2003, and the amended provisions effective on that date. The current Section 107.013 also requires appointment of an attorney ad litem for a parent served by citation by publication and for an alleged father in certain instances. Tex. Fam. Code Ann. § 107.013(a) (Vernon Supp. 2004-2005).

[7]Indeed, the terms of the trial court's order about which appellant complains, by which the court failed to name appellant as a possessory conservator, are potentially subject to modification under Section 156.101. *See* Tex. Fam. Code Ann. § 156.101 (Vernon 2002 and Supp. 2004-2005).

Section 263.405(e) contains language concerning appointment of counsel, but we do not read that language as providing an additional right to counsel on appeal of cases not involving termination of parental rights. The purposes and intent of the legislature's adoption of Subchapter E have been reviewed by other courts. *See, e.g.*, *In re S.J.G.*, 124 S.W.3d at 242-43 (legislature's intent in adopting section 263.405 was to provide mechanism to reduce frivolous parental-termination appeals and to reduce post-judgment appellate delays in parental-termination appeals). We also have reviewed the legislative history of Subchapter E and agree the legislature's primary reason for enacting Section 263.405 was to accelerate the appeals process in foster care cases and assure prompt resolution of such cases. Senate Committee on Jurisprudence, Bill Analysis, Tex. H.B. 2249, 77th Leg., R.S. (2001). We find nothing to indicate a legislative intent to enlarge the entitlement to counsel on appeal to include cases in which termination was not sought by the department and the interests at stake do not rise to the level of those in a termination case.[8] On the record before us, we decline to require appointment of counsel for Reggio.

There remains Reggio's request for a free reporter's record of the proceedings in the trial court. Under Rule of Appellate Procedure 20.1(j), a party whose indigence has been established is entitled to preparation of the appellate record without prepayment. By express reference to Civil Practice and Remedies Code Section 13.003(b), Section 263.405(d) further

---

[8]The department points to Government Code Section 24.016 as another statute on which a trial court could base the appointment of counsel for an indigent parent. Tex. Gov't Code Ann. § 24.016 (Vernon 2004). We express no opinion on the applicability of that statute to appellant. We need not, and do not, conclude it is never proper to appoint counsel for a parent in a case under Subchapter E not involving termination of parental rights. We conclude simply that appellant is not entitled to counsel in this case.

conditions a party's entitlement to a free record in cases under Subchapter E to the trial court's determination the appeal is not frivolous.[9] Tex. Fam. Code Ann. § 263.405(d)(3); Tex. Civ. Prac. & Rem. Code Ann. § 13.003(b) (Vernon 2002); *Salinas v. Texas Dept. of Protective & Regulatory Servs.*, No. 03-04-00065-CV, 2004 WL 1896890 at *4 (Tex.App.–Austin, August 26, 2004, no pet.) (memorandum op.); *In re H.D.H.*, 127 S.W.3d 921, 923 (Tex.App.–Beaumont 2004, no pet.). Accordingly, we abate the appeal and remand it to the trial court. The trial court shall conduct the hearing and make the determinations required by Section 263.405(d). The trial court shall cause the record of the Section 263.405 hearing and its determinations following the hearing to be filed with the clerk of this court no later than January 7, 2005.

Reggio's motion requesting additional time to file a pro se brief is premature and we do not consider it at this time.

Per Curiam

---

[9]The department contends that Reggio had the burden to request a hearing. The department has not cited any authority to support this contention, and we find none. We do not read Section 263.405 to place the burden of seeking the hearing required by Section 263.405(d) on the appellant.