Opinion issued September 28, 2006



          




     






In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00994-CV




MISTI RAE CARTWRIGHT, Appellant

V.

DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee




On Appeal from the 313th District Court 
Harris County, Texas
Trial Court Cause No. 2004-06081J




MEMORANDUM OPINIONAppellant Misti Ree Cartwright appeals the trial court’s decree terminating her
parental rights. The trial court signed the decree on June 29, 2005. Cartwright filed
a motion for new trial on July 28, 2005, which was overruled by operation of law. 
She filed a notice of appeal on September 29, 2005, 92 days after the decree was
signed. Appellee, the Department of Family and Protective Services, filed a motion
to dismiss the appeal on November 2, 2005. 
          We dismiss for lack of jurisdiction. 
          In suits where termination of the parent-child relationship is at issue, the
Family Code provides that an appeal of a final order is governed by the rules for
accelerated appeals in civil cases. Tex. Fam. Code Ann. §§ 109.002, 263.405
(Vernon 2002). When the rules governing accelerated appeals apply, the filing of a
motion for new trial does not extend the deadline for filing a notice of appeal. In re
K.A.F., 160 S.W.3d 923, 927 (Tex. 2005). Thus, to be timely, Cartwright’s notice of
appeal had to be filed within 20 days of the date that the final judgment was signed. 
Tex. R. App. P. 26.1(b). 
          Pursuant to Rule of Appellate Procedure 42.3(a), this Court requested
Cartwright to explain why her appeal should not be dismissed for lack of jurisdiction
due to the untimely filing of her notice of appeal. Tex. R. App. P. 42.3(a). In
response, Cartwright opposes the dismissal on two grounds. First, she contends that
her notice of appeal should be considered timely based on her good faith efforts to
perfect the appeal. Second, she asserts that the accelerated-appeal requirement
violates her Fourteenth Amendment right to equal protection. See U.S. Const.
amend. XIV.
Good Faith Effort to Perfect Appeal
          Cartwright argues that her notice of appeal should be accepted as timely based
on her good faith efforts to properly perfect an appeal. Cartwright’s response states
that when “Appellant took steps to file her appeal, she believed she was timely
pursuant to Verburgt v. Dorner, 959 S.W.2d 615, 617–18 (Tex. 1997).” The
Verburgt court held that a motion for extension of time was implied when a cost bond
was filed late, but within the 15-day period in which an extension could be granted. 
Verburgt, 959 S.W.2d at 616. However, the supreme court cautioned that their
holding did not alter the time for perfecting an appeal beyond the 15-day grace
period. Id. at 617. Thus, any steps taken by Cartwright that should be considered a
good faith effort to invoke this Court’s jurisdiction under Verburgt must have been
made within 15 days of the date on which the notice of appeal was due. Id. 
          Cartwright does not specifically identify the steps we should consider to be a
good faith effort to perfect her appeal. The only motion Cartwright filed within 15
days after the 20-day deadline for filing a notice of appeal was her motion for a new
trial. Cartwright filed her request for findings of fact and conclusions of law, and her
notice of appeal, approximately two months after the end of the 15-day period, during
which an extension of time could have been granted. A motion for new trial in a case
governed by rules for accelerated appeals does not constitute a bona fide attempt to
invoke the appellate court’s jurisdiction. In re K.A.F., 160 S.W.3d at 928. Therefore,
neither Cartwright’s filing of a motion for new trial, her request for findings of fact
and conclusions of law, nor her untimely filing of a notice of appeal can be
considered a good faith effort to invoke this Court’s jurisdiction. Id.; see also
Verburgt, 959 S.W.2d at 617. 
Equal Protection
          Cartwright bases her equal protection claim on the assertion that parents whose
rights are terminated by a state agency have only 20 days in which to perfect an
appeal, while parents whose rights are terminated by a person or entity other than a
state agency have 90 days in which to perfect an appeal, if a motion for new trial is
filed. Cartwright asserts that “there is no justifiable reason to treat parents and
children whose rights are terminated by the state any differently than those parents
and children whose rights are severed by private individuals or agencies,” and
because she is required by statute to file an accelerated appeal, she “loses rights
granted other parents under the law.” 
          In ordinary civil cases, a notice of appeal must be filed within 30 days of the
date on which the final judgment is signed. Tex. R. App. P. 26.1. If the party files a
motion for new trial, the deadline for filing a notice of appeal is extended to 90 days. 
Tex. R. App. P. 26.1(a)(1). When parental rights are terminated in a suit brought by
the State, Family Code section 263.405(a) mandates that the appeal is accelerated. 
Tex. Fam. Code Ann. § 263.405(a). Section 263.405(c) also provides “A motion for
new trial . . . does not extend the deadline for filing a notice of appeal under Rule
26.1(b), Texas Rules of Appellate Procedure.” Id. Thus, Cartwright correctly
contends that, when parental rights are terminated in a suit by a state agency, the
parent has 20 days in which to file a notice of appeal, regardless of whether there was
a motion for new trial. 
          However, Cartwright incorrectly claims that a parent whose parental rights
were terminated by a person or entity other than a state agency would have 90 days
in which to file a notice of appeal, when a motion for new trial has been filed. To the
contrary, Family Code section 109.002 accelerates appeals from judgments
terminating parental rights regardless of who brings the suit, and the Supreme Court
of Texas has held that in accelerated appeals, a motion for new trial does not extend
the deadline for filing a notice of appeal. Tex. Fam. Code Ann. § 109.002(a); In re
K.A.F., 160 S.W.3d at 927. 
          Family Code section 109.002(a) provides: 
An appeal from a final order rendered in a suit, when allowed under this
section or under other provisions of law, shall be as in civil cases
generally. An appeal in a suit in which termination of the parent-child
relationship is in issue shall be given precedence over other civil cases
and shall be accelerated by the appellate courts. The procedures for an
accelerated appeal under the Texas Rules of Appellate Procedure apply
to an appeal in which the termination of the parent-child relationship is
in issue. 

Tex. Fam. Code Ann. § 109.002(a) (emphasis added). Unlike section 263.405(a),
which applies to parental rights termination suits brought by the State or authorized
agents of the state, section 109.002(a) applies more broadly, “to suits brought by the
parents of a child, to suits the [Texas Department of Protective and Regulatory
Services]


 has brought or joined, and to suits brought by others.” In re A.J.K., 116
S.W.3d 165, 172 (Tex. App.—Houston [14th Dist.] 2003, no pet.); see Tex. Fam.
Code Ann. §§ 109.002(a), 263.405(a). Therefore, Family Code section 109.002
operates to accelerate appeals from suits in which termination of the parent-child
relationship is in issue, regardless of whether the suit is brought by the State or
another party. In re A.J.K., 116 S.W.3d at 172 ; see, e.g., In re K.A.F., 160 S.W.3d
at 927 (recognizing, in suit brought by father in which mother’s parental rights were
terminated that, under Family Code section 109.002(a), appeal was accelerated
according to Rule 26.1(b), and motion for new trial did not extend the 20-day
deadline for filing notice of appeal). 
          In sum, the applicable Family Code provisions do not treat parents whose
rights are terminated by a state agency any differently than a parent whose rights are
terminated by an action initiated by a party other than the State. See id. Cartwright
has not shown that the Family Code’s accelerated appeal provisions place her in a
classification that denies her equal protection of the laws compared to other similarly
situated parents. Thus, her equal protection argument fails.
Conclusion
          Because Cartwright’s notice of appeal was untimely filed, we dismiss the
appeal for lack of jurisdiction. Tex. R. App. P. 42.3(a), 43.2(f). 
 
 
                                                   Laura Carter Higley
                                                   Justice

Panel consists of Justices Jennings, Hanks, and Higley.