NO.
12-06-00002-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      APPEAL
FROM THE 307TH

IN THE INTEREST 

§                      JUDICIAL
DISTRICT COURT OF

OF J.H., A CHILD

§                      GREGG
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Joshua and
Crystal Hines appeal the trial court’s final order in a conservatorship and
termination proceeding brought by the Texas Department of Family and Protective
Services (“DFPS”).  In four issues,
Appellants assert the trial court’s final order was an illegal order based upon
factually insufficient evidence and that trial counsel was ineffective.  We affirm.

 

Appellate
Review of Subchapter E Final Orders








            Subchapter
E of Chapter 263 of the Texas Family Code governs final orders in
conservatorship and termination proceedings in cases involving children under
DFPS care.  In re A.J.K.,
116 S.W.3d 165, 169-70 (Tex. App.–Houston [14th Dist.] 2003, no pet.). A final
order under subchapter E is one that (1) requires the child to be returned to
the child’s parent; (2) names a relative of the child or another person as the
child’s managing conservator; (3) without terminating the parent-child
relationship, appoints DFPS as the managing conservator of the child; or (4)
terminates the parent-child relationship and appoints a relative of the child,
another suitable person, or DFPS as managing conservator of the child.  Id. 
(citing Tex. Fam. Code
Ann. § 263.401(d) (Vernon 2002)). 
Here, the proceeding was brought by DFPS seeking conservatorship of J.H.
(a child under DFPS care) and termination of the parent-child
relationship.  The appealed order
appointed two nonparents as joint managing conservators of J.H.  Therefore, this order is a final order
rendered under subchapter E.  See id.

            The
Texas Family Code requires an appellant seeking review of a subchapter E final
order  to file with the trial court, no
later than fifteen days after the final order is signed, a statement of points
on which the appellant intends to appeal. 
Tex. Fam. Code Ann. §
263.405(b) (Vernon Supp. 2006).  The
statement may be filed separately or may be combined with a motion for new
trial.  Id.  An appellate court may not consider
any issue that was not specifically presented to the trial court in a timely
filed statement of points.  Tex. Fam. Code Ann. § 263.405(i)
(Vernon Supp. 2006).  While a statement
of points may be combined with a motion for new trial, a motion for new trial
that does not include such a statement of points is not sufficient to allow
appellate review of a subchapter E final order. 
See id.

            The
final order in this case was signed on November 29, 2005, following which
Appellants filed a motion for new trial. 
Appellants did not file the required statement of points separately or
include a statement of points in their motion for new trial.  Accordingly, we cannot consider any of the
issues Appellants have raised on appeal.  See Tex.
Fam. Code Ann. § 263.405(i).  This
rule applies to all issues raised by Appellants, even ineffective assistance of
counsel.  See In re A.H.L.,  No. 08-05-00307-CV, 2006 Tex. App. LEXIS
9340, at *17-18 (Tex. App.–El Paso Oct. 26, 2006, no pet.); In re D.A.R.,
201 S.W.3d 229, 230-31 (Tex. App.–Fort Worth 2006, no pet.). 

 

Disposition

            Because
we cannot consider any issues Appellants have raised on appeal, we affirm
the trial court’s order.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

Opinion
delivered January 24, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)