# NO. 12-07-00371-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE INTEREST OF J.M., J.J.,* | § | *APPEAL FROM THE 173RD* |
|  | § | *JUDICIAL DISTRICT COURT OF* |
| *J.J. AND J.J., CHILDREN* | § | *HENDERSON COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

K.L. Joyce appeals the trial court's final order in a conservatorship and termination proceeding brought by the Texas Department of Family and Protective Services ("DFPS"). In two issues, Appellant asserts that the trial court erroneously failed to dismiss the proceeding in question and that the evidence was insufficient to support the trial court's final order. We affirm.

### APPELLATE REVIEW OF SUBCHAPTER E FINAL ORDERS

Chapter 263, subchapter E, of the Texas Family Code governs final orders in conservatorship and termination proceedings in cases involving children under DFPS care. *See In re A.J.K.*, 116 S.W.3d 165, 169-70 (Tex. App.–Houston [14th Dist.] 2003, no pet.). As applicable to this appeal, a final order under subchapter E is one that (1) requires the child to be returned to the child's parent; (2) names a relative of the child or another person as the child's managing conservator; (3) without terminating the parent-child relationship, appoints DFPS as the managing conservator of the child; or (4) terminates the parent-child relationship and appoints a relative of the child, another suitable person, or DFPS as managing conservator of the child. *See id.* at 170-71 (addressing repealed Texas Family Code section 263.401(d)). Here, the final order terminated the parent-child relationship between Joyce and four children under DFPS care and appointed DFPS as managing conservator of the children. Therefore, this order is a final order rendered under subchapter E. *See id.*

Texas Family Code section 263.405 requires an appellant seeking review of a subchapter E final order to file with the trial court, no later than fifteen days after the final order is signed, a statement of points on which the appellant intends to appeal. TEX. FAM. CODE ANN. § 263.405(b) (Vernon Supp. 2007).[1] The statement may be filed separately or may be combined with a motion for new trial. *Id.* An appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of points. TEX. FAM. CODE ANN. § 263.405(i) (Vernon Supp. 2007). While a statement of points may be combined with a motion for new trial, a motion for new trial that does not include such a statement of points is not sufficient to allow appellate review of a subchapter E final order. *See id.*

The final order in this case was signed on September 12, 2007, following which Appellant filed a motion for new trial. Appellant did not file the required statement of points separately or include a statement of points in her motion for new trial. Accordingly, we cannot consider any of the issues Appellant has raised on appeal. *See id.* Further, the constitutionality of section 263.405's statement of points requirement is not before us and we have not previously addressed such an issue on its merits.[2]

### DISPOSITION

We cannot consider the issues Appellant has raised on appeal. Therefore, we ***affirm*** the trial court's order.

  BRIAN HOYLE  

Justice

Opinion delivered June 30, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[1] Because it is unnecessary to do otherwise, we have cited to the most current version of this statute.

[2] We have twice declined to address this issue of constitutionality because the concerns brought by the respective appellants were merely hypothetical and not yet ripe. *See In re T.D.M.*, No. 12-07-00458-CV, 2008 WL 2122601, at *2 (Tex. App.–Tyler May 21, 2008, no pet. h.); *In re R.D.G.*, No. 12-07-00322-CV, 2008 WL 2122413, at *2 (Tex. App.–Tyler May 21, 2008, no pet. h.).