**O.G.W. and J.R.R., Appellants,**

v.

**DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,**
**Appellee.**

No. 01–11–00161–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 16, 2012.

Keaton Donsha Kirkwood, Law Office of Keaton Kirkwood, PLLC, Liberty, TX, Holli M. Palmer, Law Offices of Holli M. Palmer, Houston, TX, for O.G.W. and J.R.R.

Sandra D. Hachem, Senior Assistant County Attorney, Houston, TX, for Department of Family and Protective Services.

Panel consists of Justices JENNINGS, SHARP, and BROWN.

**OPINION**

JIM SHARP, Justice.

On November 23, 2010, the district court signed a final order terminating the paren-

tal rights of appellants O.G.W. and J.R.R. A notice of appeal was filed on February 24, 2011. In its appellee's brief, the Department of Family and Protective moves to dismiss the case for want of jurisdiction. *See* Tex.R.App. P. 42.3(a). Because the deadline to file the notice of appeal was December 13, 2010, we dismiss the appeal.

Under the provisions of the Family Code applicable to this case,[1] an appeal of a final order under Family Code title 5, subtitle E, chapter 263, subchapter E ("Final Order for Child under Department Care") is governed by the rules for accelerated appeals. Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, sec. 263.405(a), 2001 Tex. Gen. Laws 2395 2397, *amended by* Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 4, 2011 Tex. Gen. Laws 348, 349 (former Tex. Fam.Code § 263.405(a), since amended); *In re A.J.K.,* 116 S.W.3d 165 (Tex.App.-Houston [14th Dist.] 2003, no pet.) (discussing applicability of section 263.405 to cases in which (1) Department has requested to be appointed child's conservator or (2) Department has requested termination of parent-child relationship); *see In re G.J.P.,* 314 S.W.3d 217, 220 (Tex. App.-Texarkana 2010, pet. denied). In addition, an appeal from a final order rendered in a suit in which termination of the parent-child relationship is in issue shall be accelerated and the procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply. Act of May 15, 2001, 77th Leg., R.S., ch. 421, § 1, sec. 109.002(a), 2001 Tex. Gen. Laws 806, 806 *and* Act of May 15, 2001, 77th Leg., R.S., ch. 539, § 2, sec. 109.002(a), 2001 Tex. Gen. Laws 1017, 1017, *amended by* Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 3, 2011 Tex. Gen. Laws 348, 349 (former Tex. Fam. Code § 109.002(a), since amended).[2]

An accelerated appeal is perfected by filing a notice of appeal within 20 days after the order is signed. Tex.R.App. P. 25.1, 26.1(b). No motion to extend time to file the notice of appeal was filed, and the December 21, 2010 filing of O.G.W.'s motion for new trial did not extend the deadline to file a notice of appeal. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 9, sec. 263.405(c), 2001 Tex. Gen. Laws 2395 2398, *amended by* Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 4, 2011 Tex. Gen. Laws 348, 349 (former Tex. Fam.Code § 263.405(c), since amended to delete language that "A motion for a new trial, a request for findings of fact and conclusions of law, or any other post-trial motion in the trial court does not extend the deadline for filing a notice of appeal under Rule 26.1(b). . . ."); Tex. R App. P. 28.1(b); *In re K.A.F.,* 160 S.W.3d 923, 928 (Tex.2005).

The notice of appeal was due within 20 days of November 23, 2010, i.e., December 13, 2010. Tex.R.App. P. 26.1(b). The notice of appeal was filed on February 24, 2011 and did not operate to timely perfect the appeal.[3] Because the deadline to file

---

1. Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 8, 2011 Tex. Gen. Laws 348, 349 provides:

   Sections 109.002(a) and 263.405(a) and (b), Family Code, as amended by this Act, apply only to a final order rendered on or after the effective date of this Act. A final order rendered before the effective date of this Act is governed by the law in effect on the date the order was rendered, and the former law is continued in effect for that purpose.

   The effective date of the Act was September 1, 2011. Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 9, 2011 Tex. Gen. Laws 348, 349.

2. The 2011 amendments to Family Code sections 109.002(a) and 263.405(a) specify that the Texas Rules of Appellate Procedure apply, but do not otherwise substantively change those subsections.

3. The notice of appeal states that the appeal is accelerated. *See* Tex.R.App. P. 25.1(d)(6) (in accelerated appeal, notice of appeal must

the notice of appeal was December 13, 2010, we grant the Department's motion and dismiss the case for want of jurisdiction. *See* Tex.R.App. P. 42.3(a), 43.2(f).

state that appeal is accelerated). The notice of appeal does not contain any of the required statements to indicate this is a restricted appeal. *See* Tex.R.App. P. 25.1(d)(7).