**Dismissed and Memorandum Opinion filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00014-CV

## IN THE INTEREST OF R.S.T., A CHILD

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2005-33604**

## M E M O R A N D U M   O P I N I O N

The Texas Department of Family and Protective Services initiated this suit by petitioning for conservatorship and termination of the parent-child relationship. The trial court appointed the Department as the temporary managing conservator of the Child, and the case proceeded to a jury trial. The trial court signed a final decree consistent with the jury's verdict to remove Mother and appoint Father as the Child's sole managing conservator. We hold this appeal is accelerated, and Mother failed to file her notice of appeal by the date required under the Texas Rules of Appellate Procedure. The appeal is dismissed for lack of jurisdiction.

**BACKGROUND**

In 2005, the trial court appointed Mother and Father as joint managing conservators after the Office of the Attorney General of Texas petitioned to establish Father's parent-child relationship. In 2010, the Texas Department of Family and Protective Services initiated a suit affecting the parent-child relationship seeking conservatorship and termination of both parents' parental rights to the Child. The trial court held an adversary hearing and appointed the Department as the temporary managing conservator of the Child.

The case proceeded to a jury trial. Mother alleges that during voir dire the Department "made the announcement that it did not choose to prosecute its suit as a party," but the Department participated during trial as "de facto counsel" for Father, who was pro se. Mother asserts that the trial court denied her objection to the Department's continued participation at trial. On October 7, 2011, the court signed a final decree appointing Father as sole managing conservator, removing Mother as sole managing conservator, and appointing Mother as possessory conservator. The court also dismissed the Department as a party in the decree. The decree included the following:

> 22. WARNING: APPEAL OF FINAL ORDER, PURSUANT TO §§ 263.405, TEXAS FAMILY CODE
>
> 22.1. PURSUANT TO §§ 109.002 AND 263.405, TEXAS FAMILY CODE, APPEALS OF FINAL ORDERS INVOLVING THE DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES ARE ACCELERATED APPEALS. A NOTICE OF APPEAL MUST BE FILED NO LATER THAN THE 20TH DAY AFTER THE DATE A FINAL ORDER IS SIGNED BY THE TRIAL JUDGE.

Mother filed a motion for new trial on October 28, 2011, arguing among other things that the trial court's decree incorrectly stated an appeal would be accelerated. The trial court denied the motion on November 30, 2011, and Mother filed a notice of appeal on

December 30, 2011.[1]

## ANALYSIS

The Department argues that this appeal is accelerated and that Mother filed her notice of appeal too late. Mother argues that the Department should not have been a party to this case in the trial court, and thus, the appeal should not be accelerated. Following binding precedent from this court, we hold that the appeal is accelerated, and Mother's notice of appeal is untimely.

Section 263.405(a) of the Family Code states, "An appeal of a final order rendered under this subchapter is governed by the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure." Tex. Fam. Code Ann. § 263.405(a) (Vernon Supp. 2011). Under the Texas Rules of Appellate Procedure governing accelerated appeals, a notice of appeal must be filed within twenty days of the date on which the trial court's judgment is signed. Tex. R. App. P. 26.1(b). Post-trial motions do not extend the time for perfecting an accelerated appeal. Tex. R. App. P. 28.1(b). We lack jurisdiction when a party fails to file a notice of appeal within the appropriate time period. *See In re A.J.K.*, 116 S.W.3d 165 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

In *In re A.J.K.*, this court held that the appeal was from a "final order" contemplated by section 263.405(a) "[b]ecause this suit started out as both a termination and a custody request, and the [Department] remained in the suit — dropping only the termination request." *Id.* at 170. Thus, the appeal was accelerated. *Id.* In *In re A.J.K.*, the Department initially sought termination of the parent-child relationship, and the trial court named the Department as the child's temporary managing conservator. *Id.* at 166. The Department abandoned its request for termination, and after a jury trial, the trial court signed a final decree naming the child's grandparents as managing conservators and the child's parents as possessory conservators. *Id.* at 166–67.

---

[1] Mother also filed a motion to modify, correct, or reform the judgment to delete the provision identifying this case as an accelerated appeal.

This court first evaluated the statutory framework, noting the titles of the relevant subchapter, "Final Order for Child under Department Care," and Chapter 263, "Review of Placement of Children under care of [the Department]." *Id.* at 169. The court looked to the related section 263.401, which establishes deadlines for disposing of a suit in which the Department is named the temporary managing conservator of a child and requests termination of the parent-child relationship or to be named conservator. *See id.*; Tex. Fam. Code Ann. § 263.401 (Vernon 2008). The version of section 263.401 applicable in *In re A.J.K.* required dismissal of a case unless the trial court signed a "final order" within certain time periods; the statute defined the term "final order" as one that (1) required the child to be returned to the child's parents; (2) named a relative of the child or another person as the child's managing conservator; (3) appointed the Department as the managing conservator of the child without terminating the parent-child relationship; or (4) terminated the parent-child relationship and appointed a relative of the child, another suitable person, or the Department as managing conservator. 116 S.W.3d at 169–70.[2] The court held that even though the Department abandoned its request for termination, the trial court's final decree was a "final order rendered under this subchapter" because the Department initiated the suit under the applicable subchapter and remained a party to the suit as the temporary managing conservator of the child at the time of trial. *See id.* at 170.

Further, the court observed several policy-based and practical reasons for applying the accelerated appeal rules. *Id.* at 170–71. The court reasoned that "it is perfectly reasonable to require an appeal to be taken within a short time period" when the suit was governed by timetables in the trial court because doing so furthers the purpose of the statute: "to resolve these cases as quickly as feasible." *Id.* at 170–71; *see* Tex. Fam. Code

[2] The statute was amended later to create deadlines for the commencement of trials rather than for the signing of final orders. *See* Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 2, 2007 Tex. Gen. Laws 1837, 1837–38. Accordingly, the legislature deleted the definition of "final order" found in Section 263.401. *See In re G.J.P.*, 314 S.W.3d 217, 220 (Tex. App.—Texarkana 2010, pet. denied). Mother does not contend this amendment should alter our analysis, and nothing in the legislative history indicates disapproval of *In re A.J.K.* The analysis remains sound. *See id.* (adopting *In re A.J.K.*'s interpretation despite repeal of the definition of "final order").

4

Ann. § 263.401. When the suit is governed by Chapter 263 in the trial court, with strict disposition time limits, "logically, we should apply the appeal provision contained in that chapter — § 263.405." *In re A.J.K.*, 116 S.W.3d at 171. These types of cases — "when a child is in the care of the [Department]" — are highly emotional and disruptive for the entire family unit, especially the child. *Id.* "Thus, because of the emotional impact, whenever the [Department] has intervened in the family unit — whether or not it requests termination — the legislature has required prompt disposition, both at the trial level and at the appellate level." *Id.* Finally, cases in which the Department has intervened are "fundamentally different than a custody battle between two parents." *Id.* In such a case, the Department, "being a party to the suit," may appeal an award of custody to the parent. *Id.* An accelerated appeal helps to hasten the resolution and lessen uncertainty when the Department is a party to the suit. *See id.*

Mother contends that the circumstances of this case are distinguishable because the Department "remained as a party to the lawsuit" in *In re A.J.K.*, but here the Department "did not remain a party to the suit by its own declaration to the jury in voir dire." Mother acknowledges, however, that the Department called witnesses, cross-examined witnesses, submitted exhibits, and "became the de facto attorney" for Father. Further, the record shows that the trial court dismissed the Department as a party only when the court signed the final decree. Thus, Mother more accurately argues in her responsive brief that the Department "should have been excused from the lawsuit." A complaint that the Department ***should have been*** dismissed from the case acknowledges the fact that the Department ***was not*** dismissed and, therefore, remained a party until the trial court signed the final decree.

Mother's objection to the Department's continued participation at trial does not make the trial court's decree any less of a "final order" for purposes of Section 263.405(a). The Department initiated the suit "under this subchapter" pursuant to Section 263.405(a) by petitioning for termination and custody. *See In re A.J.K.*, 116 S.W.3d at 170. At the time of trial, the Department was the temporary managing conservator of the

child — the child was "under Department care." *See id.* at 166. Assuming for argument's sake that the Department abandoned its request for termination and conservatorship,[3] the Department nonetheless remained a party to the suit. The final decree itself warned Mother that an appeal would be accelerated and a notice of appeal would be required within twenty days. This appeal is accelerated.

## CONCLUSION

Mother failed to file a timely notice of appeal. Accordingly, we lack jurisdiction and dismiss the appeal.


/s/     William J. Boyce
        Justice


Panel consists of Justices Boyce, Christopher, and Jamison.

---

[3] The reporter's record filed in this appeal does not contain a transcript of the proceedings during voir dire or trial, and the clerk's record does not contain the jury charge or verdict. Mother failed to cite to any portion of the record in her brief. *See* Tex. R. App. P. 38.1(g), (i). The Department disagrees with Mother's contention that the Department abandoned its request for termination and modification. Indeed, at the hearing on the motion for new trial, the court explained to Mother's counsel that "there was no indication to this Court in or out of the presence of the jury that they were abandoning their pleadings."

6