In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00124-CV


______________________________




MICHELLE MIMMS, Appellant



V.



OLD CANAL FINANCIAL, INC., ET AL., Appellees




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 2006-1609-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Michelle Mimms has filed an appeal from an order of the trial court signed September 11,
2007. The clerk's record was due to be filed on or before January 9, 2008. Appellant is not indigent,
and is responsible for paying or making adequate arrangements to pay the clerk's fees for preparing
the record. See Tex. R. App. P. 37.3(b). On February 21, 2008, we contacted Mimms by letter,
reminding her that the record was past due, and warning that, if we did not receive an adequate
response within ten days, we would dismiss the appeal for want of prosecution pursuant to Rule
42.3(b) and (c) of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 42.3(b), (c).

 As of the date of this opinion, we have received no response. 

 We dismiss the appeal for want of prosecution.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 20, 2008

Date Decided: March 21, 2008



"9" QFormat="true" Name="heading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00066-CV

                                                ______________________________

 

 

 

                                              IN THE INTEREST OF

G.J.P. AND R.P., CHILDREN

 

 

                                                                                                  


 

 

                                      On Appeal from the 402nd
Judicial District Court

                                                             Wood County, Texas

                                                          Trial Court
No. 2007-804

 

                                                        
                                          

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            Jason
Payne, at the time of this child custody proceeding, stood accused of murdering
his wife and a stepson.  The trial court
appointed as joint managing conservators the maternal grandparents of the two
surviving childrenG.J.P. and R.P., his biological children.  The trial court denied Payne any
conservatorship standing or visitation rights with G.J.P. and R.P.  Trial counsel was dismissed from his
appointment by the court as a part of the order on June 5, 2009.  Payne filed a pro se notice of appeal on July
2, 2009.  On July 22, Payne filed a
request for counsel for appeal, and the court appointed appellate counsel on
that date to represent him.  By that
time, it was too late to file the statement of points on appeal required by
the Texas Family Code.  We affirm the
judgment of the trial court. 

I.          PRELIMINARY MATTERS

            This
Court is once again confronted with the proper application of Section 263.405
of the Texas Family Code.  Again, Section
263.405 requires a party who intends to appeal an order in certain suits
affecting the parent-child relationship to file a statement of points on which
the party intends to appeal.  Tex. Fam. Code Ann. § 263.405(b)(2)
(Vernon 2008).  The legislative enactment
in Section 263.405(i) purports to limit the power of appellate courts to review
the proceeding below by stating that an appellate court may not consider any
issue that was not specifically presented to the trial court in a timely filed
statement of the points on which the party intends to appeal or in a statement
combined with a motion for new trialwithin an extremely short fifteen-day time
period.  Tex. Fam. Code Ann. § 263.405(i) (Vernon 2008).

            A.        Does Section 263.405 Apply to This
Case?  Is This an Accelerated Appeal?

            Initially, the Department filed this
case requesting that Paynes parental rights should be terminated; later, the
termination allegation was dismissed and the case was tried as a
conservatorship/access trial.  Though
initially complaining of the effects of Section 263.405 on his right to appeal,
Payne argues in his reply brief that this judgment determining conservatorship
and visitation is not subject to the requirements of Section 263.405.  That means, he contends, that this case is
not accelerated and he was also not required to file a statement of
points.   

            It
appears that only one other case has directly addressed this question.  In
re A.J.K., 116 S.W.3d 165 (Tex. App.Houston [14th Dist.] 2008, no pet.).  When addressing this issue, the Houston Fourteenth
court concluded that although the judgment ultimately determined
conservatorship rather than termination, it still fell within the purview of
Section 263.405(a), making it an accelerated appeal.  See id.
at 168, 173.  Section 263.405 still
applied even though the termination allegations were ultimately abandoned.  Id.
at 16869.  Section 263.401, concerning
the deadlines and dismissal dates, also applied since, at least initially, the
Department asked the trial court to consider both termination and
conservatorship matters.  Id. at 169.

            The
court based its decision on several factors, one being a definition of final
order that has since been repealed, but also separately explaining that even
in the absence of termination allegations, Chapter 263 should apply to these
types of cases in which the Department is involved.  Id.
at 17071.  As pointed out there, the
application of Chapter 263 is further supported by the goal of quick resolution
of highly emotional suits in which the stakes are high.  See id.  The A.J.K.
court was careful to draw the distinction between these types of cases
involving the Department and those cases involving custody arrangements between
two parents, calling the two cases fundamentally different.  See id.
at 171.  The latter cases, those
involving only parents, properly fall under the general appeal provision.  See
Tex. Fam. Code Ann.
§ 109.002 (Vernon 2008).  It is also
worth noting that the headings of the subchapter are not for termination suits,
but for suits affecting the parent-child relationshipand that the preceding
subchapters involving suits by the State reference a wide range of orders,
rather than termination only.  The
language of the subtitle itself is not limited to termination, and the context
in which the statute lies does not require that result.

            We
find the discussion by the Houston court of statutory construction and
examination of the interests at issue persuasive, and conclude that this appeal
is accelerated subject to Chapter 263s provisionsand that the statement of
points thus applies to this appeal as a part of those provisions.    

B.        The
Notice of Appeal Was Timely Whether Accelerated or Not; This Court Has
Jurisdiction Over This Appeal

 

                        1.         Accelerated

            We
also recognize that the notice of appeal is timely regardless of whether the
appeal is treated as accelerated or using the timetables for a regular
appeal.  As an accelerated appeal, the
notice of appeal was timely by application of the implied motion for extension
of time.  In the accelerated appeal of a
civil case, unless a party moves to extend the time to file an appeal, the
notice of appeal must be filed within twenty days after the judgment or order
appealed from is signed.  Tex. R. App. P. 26.1(b); In re K.A.F., 160 S.W.3d 923, 92627
(Tex. 2005).  The appellate court may
extend the time to file the notice of appeal, if, within fifteen days after the
deadline for filing the notice of appeal, the party (1) files the notice of
appeal, and (2) files in the appellate court a motion complying with Rule
10.5(b).[1]  Tex.
R. App. P. 26.3.  A motion to
extend time to file a notice of appeal is necessarily implied when an
appellant, acting in good faith, files a perfecting instrument beyond the time
allowed for perfecting an appeal, but within the fifteen-day period in which
the appellant would be entitled to move to extend the filing deadline.  See
Verburgt v. Dorner, 959 S.W.2d 615,
617 (Tex. 1997); Doe v. Brazoria County
Child Protective Servs., 226 S.W.3d 563, 57071 (Tex. App.Houston [1st
Dist.] 2007, no pet.); In re B.G.,
104 S.W.3d 565, 567 (Tex. App.Waco 2002, no pet.).

            Although
the motion for extension of time is implied, the appellant must also provide a
reasonable explanation for the late filing to avoid dismissal of the
appeal.  See Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998); Doe, 226 S.W.3d at 571.  Courts have held that an attorneys
misunderstanding of the relevant deadlines to perfect an appeal under Section
263.405 constitutes a reasonable explanation for the late filing of a notice of
appeal.  See Doe, 226 S.W.3d at 571. 
Paynes later-filed motion for extension of time to file the notice of
appeal, though not necessary, provides the reasonable explanation for the
delay. 

                        2.         Not Accelerated

            If
this appeal were not subject to accelerated timetables, it would simply be
timely filed:  the notice of appeal was
filed within thirty days of the date the judgment was signed.  See
Tex. R. App. P. 26.1.  

            In
other words, the notice of appeal was timely filed, and we have jurisdiction
over the appeal under either scenario.

II.        INEFFECTIVE ASSISTANCE
OF COUNSEL ISSUE

            Despite
recognizing that this suit was brought under the aegis of the cited portion of
the Texas Family Code, as the types of orders that can be issued under that
subtitle extend beyond termination orders only, it does not necessarily follow
that the remedy provided for ineffectiveness of counsel applies in this case. 

            The
statutory basis for appointment of counsel is found in Section 107.013(a)
(which is itself a legislative acknowledgment of the constitutional
requirements set out by the Texas Supreme Court).  In relevant part, the statute provides that
when a suit is filed by a governmental entity in which termination is requested,
the court shall appoint an attorney to represent an indigent parent.  It also provides that if a governmental
entity requests temporary managing conservatorship of a child, and a parent
responds in opposition, the court shall appoint an attorney to represent an
indigent parents interests.  Tex. Fam. Code Ann. § 107.013(a)(1),
(c) (Vernon Supp. 2009).  In this case,
the State initially sought termination or, alternatively, conservatorship, but
on April 8, 2009, filed a nonsuit of its termination petition, and the
case was tried in early May based solely on the conservatorship issues.  

            Does
the recognized right to effective assistance of counsel for cases involving the
termination or severance of parental rights also extend to cases in which only conservatorship
is decided?

            This
question does not appear to have been addressed before in Texas, and the United
States Supreme Court opinions on which the Texas opinions rely for guidance do
not speak to that situation.  A review of
those opinions provides one absolute: 
the right to counsel, and a concomitant right to effective counsel
measured under constitutional guidelines, exists when the result of the
proceeding is the permanent severance of a parents rights to a child.[2]  Although the Texas statute providing for
mandatory appointment of counsel specifies that it applies only in the case of
a suit filed by a governmental entity seeking termination or temporary managing
conservatorship, the United States Supreme Court found no reason for
differentiation between suits filed by a governmental entity or an individual
where termination was involved.  

Although the termination proceeding in this case
was initiated by private parties as a prelude to an adoption petition, rather
than by a state agency, the challenged state action remains essentially the
same:  M.L.B. resists the imposition of
an official decree extinguishing, as no power other than the State can, her
parent-child relationships.  

 

M.L.B. v. S.L.J., 519 U.S. 102, 117 n.8 (1996).[3]

            In its earlier
opinion, the United States Supreme Court had stated that when 

the State initiates a parental rights termination
proceeding, it seeks not merely to infringe that fundamental liberty interest,
but to end it.  If the State prevails,
it will have worked a unique kind of deprivation. . . . A parents interest in
the accuracy and justice of the decision to terminate his or her parental
status is, therefore, a commanding one. 

 

Santosky v. Kramer, 455 U.S. 745, 759 (1982); Lassiter, 452 U.S. at 27.

            In reviewing a
termination, the Texas Supreme Court held in In re M.S., 115 S.W.3d 534, 543 (Tex. 2003), that the statutory
right to counsel in parental-rights termination cases embodies the right to
effective counsel.  The court very
carefully used language throughout its opinion linking that right to
termination.  There is no indication that
the right might also be extended where the case was not one terminating or
severing parental rights for all timebut instead was a case determining
conservatorship or custody.

            In
In re J.O.A., 283 S.W.3d 336, 339
(Tex. 2009), the court again examined this concept, holding that even when a
statement of points is not filed as required under Section 263.405(b)(2) of the
Texas Family Code, the issue of effective assistance of counsel in a parental
rights termination case may be raised on appeal (despite the failure to include
it in a statement of points) and that the section is unconstitutional as
applied when it precludes a parent from raising a meritorious complaint about
the insufficiency of the evidence supporting the termination order.  Again, the opinion is expressly controlling
only over cases where a parents rights are terminated.  

            There
is a reason to treat termination cases differently in a constitutional
analysistermination results in the permanent severance by the State of a
parents relationship with a childa right that has been held to be
constitutional in nature.  A
determination of conservatorship or custody does not reach this level.  It may place restrictions on conservatorship
or custody, even extreme ones, but those are restrictions, not the permanent
severance of a relationship.  Conservatorship
or custody determinations can be amended or modified when justified by the
circumstances.  Thus, the main rationale
for importing the right to effective assistance of counsel into a civil
proceeding does not exist in a case where the severance of that recognized
right is not implicated.  

            Ineffective
assistance of counsel is a constitutional claim that is only available in very
limited situations.  Generally, it can be
raised only in criminal cases (where loss of freedom is at stake) and parental
rights termination cases (where the relationship between parent and child is permanently
severed).  It provides a complete
remedy:  setting aside the decision of
the trial court.  As this case has
evolved, it is a conservatorship case to which this extra-constitutional
protection does not apply.  This does not
mean that attorneys are not required to provide competent services or that
there is no remedy for their failure. 
Just as in any professional undertaking, attorneys have the obligation
to perform in a competent, nonnegligent manner and the failure to do so may
subject attorneys to claims of professional negligence.  But we find no authority, in a child custody
case, to authorize a remedy of overturning a trial court decision based on
ineffectiveness of counsel.  

            Our
statutes authorize the appointment of counsel in many situations.  For example, Rule 308a of the Texas Rules of
Civil Procedure allows the trial court to appoint an attorney to enforce its
orders of child support and possession and access to a child.  If the constitutional right to set aside a
decision of a court for ineffectiveness of counsel exists for conservatorship
and custody disputes, would that same right not also apply to actions under
Rule 308a?[4]  We believe the superior courts have reserved
the constitutional remedy afforded by proof of deficient professional
performance to claims involving the potential loss of liberty or permanent
deprivation of the parental rights.[5]  The claim of ineffective assistance of
counsel cannot be considered by this Court, and the arguments based on that claim
are overruled.  

III.       TRIAL COURTS FAILURE
TO DISMISS UPON DISMISSAL DATE

            Payne
next argues that the court erred by failing to dismiss this proceeding as
required by statute when the statutory timetable expiredbecause the judge did
not make the necessary findings to justify extending the time periods.  Payne again raises the issue as showing
ineffective assistance of counsel for failing to seek the dismissal, but also
couches his argument as being reachable by this Court because the statement of
points requirement is a violation of separation of powers between the judiciary
and the legislative branches. 

            The
Fort Worth court declared Section 263.405(i) unconstitutional on the ground
that it violates the Separation of Powers Clause of the Texas
Constitution.  In re D.W., 249 S.W.3d 625, 640 (Tex. App.Fort Worth), pet. denied, 260 S.W.3d 462 (Tex. 2008).  It pointed out that the Separation of Powers
Clause is violated (1) when one branch of government assumes power more
properly attached to another branch or (2) when one branch unduly interferes
with another branch so that the other cannot effectively exercise its
constitutionally assigned powers.  Id. at 635.

            In
D.W., the court considered the
constitutionality of Section 263.405(i) when it prohibited the court from
addressing the trial courts denial of a mothers motion to extend the
dismissal deadline under Section 263.401. 
Id. at 632.  After first concluding that the mother
properly preserved her objection under Section 263.401 at trial but that she
failed to include that issue in her statement of points, the Fort Worth court
found that the Legislature, by enacting Section 263.405(i), violated the
doctrine of separation of powers by encroaching on the judiciarys substantive
power to review issues preserved at trial but not included in a statement of
points.  Id. at 632, 640; see M.C. v.
Tex. Dept of Family & Protective Servs., 300 S.W.3d 305 (Tex. App.El Paso
2009, pet. denied).  Importantly, the D.W. court pointed out that Section
263.405(i) does not bar a challenge that could not have been addressed by the
trial court in the first instance.  249
S.W.3d at 632. 

            The
Texas Supreme Court has repeatedly stated that we should not delve into
constitutional issues if other grounds dispose of an appeal.  See VanDevender
v. Woods, 222 S.W.3d 430, 432 (Tex. 2007) (noting courts should rest
decisions on nonconstitutional grounds, if available, and not wade into
ancillary constitutional questions); In
re B.L.D., 113 S.W.3d 340, 349 (Tex. 2003) (As a rule, we only decide constitutional
questions when we cannot resolve issues on nonconstitutional grounds.). 

            Applying
that general restriction, several appellate courts have held that due process
or separation of powers issues should not be addressed where there is no
showing that the operation of the challenged statute harmed the appellant.  See,
e.g., M.C., 300 S.W.3d 305; Walker v. Tex. Dept of Family &
Protective Servs., No. 01-07-00867-CV, 2009 WL 1688469, at *7, 12 (Tex.
App.Houston [1st Dist.] June 18, 2009, pet. denied); In re M.M.F., No. 2-08-014-CV, 2008 WL 5265033, at *7 (Tex.
App.Fort Worth Dec.18, 2008, no pet.) (mem. op.); Tex. Dept of Family & Protective Servs. v. Dickensheets, 274
S.W.3d 150, 155 (Tex. App.Houston [1st Dist.] 2008, no pet.).

            Payne
complains that the trial court made only one of the two required findings under
Section 263.401(b)and that counsel was ineffective in not properly preserving
or raising the issue.  The statute
provides that the [trial] court may not retain the suit on the courts docket
after the one-year dismissal date unless the court makes specific findings as
set out in the statute.  Tex. Fam. Code Ann. § 263.401(b)
(Vernon 2008); In re Dept of Family
& Protective Servs., 273 S.W.3d 637, 643 (Tex. 2009). 

            b)         . . . the court may not retain the suit
on the courts docket after the time described by Subsection (a) unless the
court finds that extraordinary circumstances necessitate the child remaining in
the temporary managing conservatorship of the department and that continuing
the appointment of the department as temporary managing conservator is in the
best interest of the child.  If the court
makes those findings, the court may retain the suit on the courts docket for a
period not to exceed 180 days after the time described by Subsection (a).

 

Tex.
Fam. Code Ann. § 263.401 (Vernon 2008).  

            The
record, however, indicates otherwise.  In
an omnibus order that includes a section on retaining the suit on the courts
docket, the court found that: 

3.1       Pursuant to § 263.401(b), Texas Family Code, the Court finds
that this Court has continuing jurisdiction of this suit, and that
extraordinary circumstances necessitate [G.J.P.] and [R.P.] remaining in the
temporary managing conservatorship of the Department and that continuing the
appointment of the Department as temporary managing conservator is in the best
interest of the children.  An order to
retain the case on the Courts docket should be granted.

 

            Thus,
the judge made the two findings required by the statute, and there is no
showing that the operation of the challenged statute (requiring a statement of
points) harmed Payne.  We overrule the
contention of error.  

            We affirm the judgment.

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          March 24, 2010

Date Decided:             May 5, 2010











[1]We
also point out that Section 263.405(c) does not negate this general rule
regarding an implied motion for extension of time to file the notice of appeal.  It provides as follows:

 

A motion for a new trial, a request
for findings of fact and conclusions of law, or any other post-trial motion in
the trial court does not extend the deadline for filing a notice of appeal
under Rule 26.1(b), Texas  Rules  of  Appellate
 Procedure,  or  the  deadline  for  filing
 an  affidavit  of indigence under Rule 20, Texas Rules of
Appellate Procedure.

 

Tex. Fam. Code
Ann. § 263.405(c) (Vernon 2008) (footnote omitted).  By its own terms, Section 263.405(c) is
limited to motions filed in the trial court.





[2]Lassiter declared it plain beyond the
need for multiple citation that a natural parents desire for and right to the
companionship, care, custody and management of his or her children is an
important interest.  Lassiter v. Dept of Social Servs. of Durham County, 452 U.S. 18,
27 (1981).  In so holding, the Court
relied upon Stanley v. Illinois, 405
U.S. 645, 651 (1972), which recognized the relationship as an interest far
more precious . . . than property rights. 

 





[3]Compare In re J.C., 250 S.W.3d 486 (Tex. App.Fort Worth 2008, pet. denied),
cert. denied, 130 S.Ct. 1281
(2010).  The court reasoned that because
Child Protective Services (CPS) nonsuited its termination of parental rights
suit, and foster parents concurrently filed a new private termination suit, the
mothers parental rights were terminated pursuant to a private termination
suit, and thus, she possessed no mandatory statutory right to appointed
counsel.  Statutorily, that reasoning is
undoubtedly correct.  Its constitutional
firmness is questionable.  Under present
statutory authority, such  an  appointment 
is  discretionary  under 
Section  107.021  of 
the  Texas  Family 
Code.   Tex. Fam. Code Ann. § 107.021 (Vernon 2008).





[4]Examples
of authorized court appointment of counsel include:  Tex.
Govt Code Ann. § 24.016
(Vernon 2004) (district judge may appoint counsel for party too poor to employ
counsel), § 26.049 (Vernon 2004) (constitutional county court judge may appoint
counsel for party who makes affidavit he or she is too poor to employ counsel).

 





[5]Federal
courts have rejected arguments for extending the right of effective assistance
to Title VII cases even though the courts may appoint counsel.  Nelson
v. Boeing Co., 446 F.3d 1118, 1120 (10th Cir. 2006) (Although every client
who engages a lawyer has a right of effective assistance of counsel in the
sense that legal services falling below acceptable professional standards may
give rise to tort liability, the term effective assistance of counsel is generally
reserved for contexts in which the lawyers deficient performance provides a
basis for reversal on appeal or collateral review.  In criminal cases, the Supreme Court has
found that right implicit in the Sixth Amendments guarantee that in all criminal
prosecutions, the accused shall enjoy the right . . . to have the Assistance of
Counsel for his defense.  U.S. Const. amend. VI; see Strickland v. Washington, 466 U.S.
668, 68586 (1984).  In civil cases, the
right can arise from the Due Process Clause of the Fifth Amendment, but the
only context in which courts have recognized a constitutional right to
effective assistance of counsel in civil litigation is in immigration cases.).