

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00066-CV

_____

IN THE INTEREST OF
G.J.P. AND R.P., CHILDREN

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 2007-804

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Jason Payne, at the time of this child custody proceeding, stood accused of murdering his wife and a stepson. The trial court appointed as joint managing conservators the maternal grandparents of the two surviving children—G.J.P. and R.P., his biological children. The trial court denied Payne any conservatorship standing or visitation rights with G.J.P. and R.P. Trial counsel was dismissed from his appointment by the court as a part of the order on June 5, 2009. Payne filed a pro se notice of appeal on July 2, 2009. On July 22, Payne filed a request for counsel for appeal, and the court appointed appellate counsel on that date to represent him. By that time, it was too late to file the "statement of points on appeal" required by the Texas Family Code. We affirm the judgment of the trial court.

I.    PRELIMINARY MATTERS

This Court is once again confronted with the proper application of Section 263.405 of the Texas Family Code. Again, Section 263.405 requires a party who intends to appeal an order in certain suits affecting the parent-child relationship to file a statement of points on which the party intends to appeal. TEX. FAM. CODE ANN. § 263.405(b)(2) (Vernon 2008). The legislative enactment in Section 263.405(i) purports to limit the power of appellate courts to review the proceeding below by stating that an appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party

2

intends to appeal or in a statement combined with a motion for new trial—within an extremely short fifteen-day time period.   TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008).

**A.      Does Section 263.405 Apply to This Case?   Is This an Accelerated Appeal?**

Initially, the Department filed this case requesting that Payne's parental rights should be terminated; later, the termination allegation was dismissed and the case was tried as a conservatorship/access trial.   Though initially complaining of the effects of Section 263.405 on his right to appeal, Payne argues in his reply brief that this judgment determining conservatorship and visitation is not subject to the requirements of Section 263.405.   That means, he contends, that this case is not accelerated and he was also not required to file a statement of points.

It appears that only one other case has directly addressed this question.   *In re A.J.K.*, 116 S.W.3d 165 (Tex. App.—Houston [14th Dist.] 2008, no pet.).   When addressing this issue, the Houston Fourteenth court concluded that although the judgment ultimately determined conservatorship rather than termination, it still fell within the purview of Section 263.405(a), making it an accelerated appeal.   *See id.* at 168, 173.   Section 263.405 still applied even though the termination allegations were ultimately abandoned.   *Id.* at 168–69.   Section 263.401, concerning the deadlines and dismissal dates, also applied since, at least initially, the Department asked the trial court to consider both termination and conservatorship matters.   *Id.* at 169.

The court based its decision on several factors, one being a definition of "final order" that has since been repealed, but also separately explaining that even in the absence of termination

3

allegations, Chapter 263 should apply to these types of cases in which the Department is involved. *Id.* at 170–71. As pointed out there, the application of Chapter 263 is further supported by the goal of quick resolution of highly emotional suits in which the stakes are high. *See id.* The *A.J.K.* court was careful to draw the distinction between these types of cases involving the Department and those cases involving custody arrangements between two parents, calling the two cases "fundamentally different." *See id.* at 171. The latter cases, those involving only parents, properly fall under the general appeal provision. *See* TEX. FAM. CODE ANN. § 109.002 (Vernon 2008). It is also worth noting that the headings of the subchapter are not for termination suits, but for suits affecting the parent-child relationship—and that the preceding subchapters involving suits by the State reference a wide range of orders, rather than termination only. The language of the subtitle itself is not limited to termination, and the context in which the statute lies does not require that result.

We find the discussion by the Houston court of statutory construction and examination of the interests at issue persuasive, and conclude that this appeal is accelerated subject to Chapter 263's provisions—and that the statement of points thus applies to this appeal as a part of those provisions.

**B. The Notice of Appeal Was Timely Whether Accelerated or Not; This Court Has Jurisdiction Over This Appeal**

**1. Accelerated**

4

We also recognize that the notice of appeal is timely regardless of whether the appeal is treated as accelerated or using the timetables for a regular appeal. As an accelerated appeal, the notice of appeal was timely by application of the implied motion for extension of time. In the accelerated appeal of a civil case, unless a party moves to extend the time to file an appeal, the notice of appeal must be filed within twenty days after the judgment or order appealed from is signed. TEX. R. APP. P. 26.1(b); *In re K.A.F.*, 160 S.W.3d 923, 926–27 (Tex. 2005). The appellate court may extend the time to file the notice of appeal, if, within fifteen days after the deadline for filing the notice of appeal, the party (1) files the notice of appeal, and (2) files in the appellate court a motion complying with Rule 10.5(b).[1] TEX. R. APP. P. 26.3. A motion to extend time to file a notice of appeal is necessarily implied when an appellant, acting in good faith, files a perfecting instrument beyond the time allowed for perfecting an appeal, but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Doe v. Brazoria County Child Protective Servs.*, 226 S.W.3d 563, 570–71 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

---

[1]We also point out that Section 263.405(c) does not negate this general rule regarding an implied motion for extension of time to file the notice of appeal. It provides as follows:

> A motion for a new trial, a request for findings of fact and conclusions of law, or any other post-trial motion in the trial court does not extend the deadline for filing a notice of appeal under Rule 26.1(b), Texas Rules of Appellate Procedure, or the deadline for filing an affidavit of indigence under Rule 20, Texas Rules of Appellate Procedure.

TEX. FAM. CODE ANN. § 263.405(c) (Vernon 2008) (footnote omitted). By its own terms, Section 263.405(c) is limited to motions filed in the trial court.

5

Although the motion for extension of time is implied, the appellant must also provide a reasonable explanation for the late filing to avoid dismissal of the appeal. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Doe*, 226 S.W.3d at 571. Courts have held that an attorney's misunderstanding of the relevant deadlines to perfect an appeal under Section 263.405 constitutes a reasonable explanation for the late filing of a notice of appeal. *See Doe*, 226 S.W.3d at 571. Payne's later-filed motion for extension of time to file the notice of appeal, though not necessary, provides the reasonable explanation for the delay.

### 2. Not Accelerated

If this appeal were not subject to accelerated timetables, it would simply be timely filed: the notice of appeal was filed within thirty days of the date the judgment was signed. *See* TEX. R. APP. P. 26.1.

In other words, the notice of appeal was timely filed, and we have jurisdiction over the appeal under either scenario.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL ISSUE

Despite recognizing that this suit was brought under the aegis of the cited portion of the Texas Family Code, as the types of orders that can be issued under that subtitle extend beyond termination orders only, it does not necessarily follow that the remedy provided for ineffectiveness of counsel applies in this case.

The statutory basis for appointment of counsel is found in Section 107.013(a) (which is itself a legislative acknowledgment of the constitutional requirements set out by the Texas Supreme Court). In relevant part, the statute provides that when a suit is filed by a governmental entity in which termination is requested, the court shall appoint an attorney to represent an indigent parent. It also provides that if a governmental entity requests temporary managing conservatorship of a child, and a parent responds in opposition, the court shall appoint an attorney to represent an indigent parent's interests. TEX. FAM. CODE ANN. § 107.013(a)(1), (c) (Vernon Supp. 2009). In this case, the State initially sought termination or, alternatively, conservatorship, but on April 8, 2009, filed a nonsuit of its termination petition, and the case was tried in early May based solely on the conservatorship issues.

Does the recognized right to effective assistance of counsel for cases involving the termination or severance of parental rights also extend to cases in which only conservatorship is decided?

This question does not appear to have been addressed before in Texas, and the United States Supreme Court opinions on which the Texas opinions rely for guidance do not speak to that situation. A review of those opinions provides one absolute: the right to counsel, and a concomitant right to effective counsel measured under constitutional guidelines, exists when the result of the proceeding is the permanent severance of a parent's rights to a child.[2] Although the

---

[2]*Lassiter* declared it "plain beyond the need for multiple citation" that a natural parent's "desire for and right to 'the companionship, care, custody and management of his or her children'" is an important interest. *Lassiter v. Dep't of*

Texas statute providing for mandatory appointment of counsel specifies that it applies only in the case of a suit filed by a governmental entity seeking termination or temporary managing conservatorship, the United States Supreme Court found no reason for differentiation between suits filed by a governmental entity or an individual where termination was involved.

> Although the termination proceeding in this case was initiated by private parties as a prelude to an adoption petition, rather than by a state agency, the challenged state action remains essentially the same: M.L.B. resists the imposition of an official decree extinguishing, as no power other than the State can, her parent-child relationships.

*M.L.B. v. S.L.J.*, 519 U.S. 102, 117 n.8 (1996).[3]

> In its earlier opinion, the United States Supreme Court had stated that when

> the State initiates a parental rights termination proceeding, it seeks not merely to infringe that fundamental liberty interest, but to end it. "If the State prevails, it will have worked a unique kind of deprivation. . . . A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is, therefore, a commanding one."

*Santosky v. Kramer*, 455 U.S. 745, 759 (1982); *Lassiter*, 452 U.S. at 27.

> In reviewing a termination, the Texas Supreme Court held in *In re M.S.*, 115 S.W.3d 534, 543 (Tex. 2003), that "the statutory right to counsel in parental-rights termination cases embodies

---

*Social Servs. of Durham County*, 452 U.S. 18, 27 (1981). In so holding, the Court relied upon *Stanley v. Illinois*, 405 U.S. 645, 651 (1972), which recognized the relationship as an interest "far more precious . . . than property rights."

[3]*Compare In re J.C.*, 250 S.W.3d 486 (Tex. App.—Fort Worth 2008, pet. denied), *cert. denied*, 130 S.Ct. 1281 (2010). The court reasoned that because Child Protective Services (CPS) nonsuited its termination of parental rights suit, and foster parents concurrently filed a new private termination suit, the mother's parental rights were terminated pursuant to a private termination suit, and thus, she possessed no mandatory statutory right to appointed counsel. Statutorily, that reasoning is undoubtedly correct. Its constitutional firmness is questionable. Under present statutory authority, such an appointment is discretionary under Section 107.021 of the Texas Family Code. TEX. FAM. CODE ANN. § 107.021 (Vernon 2008).

the right to effective counsel." The court very carefully used language throughout its opinion linking that right to termination. There is no indication that the right might also be extended where the case was not one terminating or severing parental rights for all time—but instead was a case determining conservatorship or custody.

In *In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009), the court again examined this concept, holding that even when a statement of points is not filed as required under Section 263.405(b)(2) of the Texas Family Code, the issue of effective assistance of counsel in a parental rights termination case may be raised on appeal (despite the failure to include it in a statement of points) and that the section is unconstitutional as applied when it precludes a parent from raising a meritorious complaint about the insufficiency of the evidence supporting the termination order. Again, the opinion is expressly controlling only over cases where a parent's rights are terminated.

There is a reason to treat termination cases differently in a constitutional analysis—termination results in the permanent severance by the State of a parent's relationship with a child—a right that has been held to be constitutional in nature. A determination of conservatorship or custody does not reach this level. It may place restrictions on conservatorship or custody, even extreme ones, but those are restrictions, not the permanent severance of a relationship. Conservatorship or custody determinations can be amended or modified when justified by the circumstances. Thus, the main rationale for importing the right to effective

9

assistance of counsel into a civil proceeding does not exist in a case where the severance of that recognized right is not implicated.

Ineffective assistance of counsel is a constitutional claim that is only available in very limited situations. Generally, it can be raised only in criminal cases (where loss of freedom is at stake) and parental rights termination cases (where the relationship between parent and child is permanently severed). It provides a complete remedy: setting aside the decision of the trial court. As this case has evolved, it is a conservatorship case to which this extra-constitutional protection does not apply. This does not mean that attorneys are not required to provide competent services or that there is no remedy for their failure. Just as in any professional undertaking, attorneys have the obligation to perform in a competent, nonnegligent manner and the failure to do so may subject attorneys to claims of professional negligence. But we find no authority, in a child custody case, to authorize a remedy of overturning a trial court decision based on ineffectiveness of counsel.

Our statutes authorize the appointment of counsel in many situations. For example, Rule 308a of the Texas Rules of Civil Procedure allows the trial court to appoint an attorney to enforce its orders of child support and possession and access to a child. If the constitutional right to set aside a decision of a court for ineffectiveness of counsel exists for conservatorship and custody

disputes, would that same right not also apply to actions under Rule 308a?[4]  We believe the superior courts have reserved the constitutional remedy afforded by proof of deficient professional performance to claims involving the potential loss of liberty or permanent deprivation of the parental rights.[5]  The claim of ineffective assistance of counsel cannot be considered by this Court, and the arguments based on that claim are overruled.

## III.    TRIAL COURT'S FAILURE TO DISMISS UPON DISMISSAL DATE

Payne next argues that the court erred by failing to dismiss this proceeding as required by statute when the statutory timetable expired—because the judge did not make the necessary findings to justify extending the time periods.   Payne again raises the issue as showing ineffective assistance of counsel for failing to seek the dismissal, but also couches his argument as being reachable by this Court because the statement of points requirement is a violation of separation of powers between the judiciary and the legislative branches.

---

[4]Examples of authorized court appointment of counsel include:  TEX. GOV'T CODE ANN. § 24.016 (Vernon 2004) (district judge may appoint counsel for party too poor to employ counsel), § 26.049 (Vernon 2004) (constitutional county court judge may appoint counsel for party who makes affidavit he or she is too poor to employ counsel).

[5]Federal courts have rejected arguments for extending the right of effective assistance to Title VII cases even though the courts may appoint counsel.  *Nelson v. Boeing Co.*, 446 F.3d 1118, 1120 (10th Cir. 2006) ("Although every client who engages a lawyer has a right of effective assistance of counsel in the sense that legal services falling below acceptable professional standards may give rise to tort liability, the term 'effective assistance of counsel' is generally reserved for contexts in which the lawyer's deficient performance provides a basis for reversal on appeal or collateral review.   In criminal cases, the Supreme Court has found that right implicit in the Sixth Amendment's guarantee that 'in all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense.' U.S. CONST. amend. VI; *see Strickland v. Washington*, 466 U.S. 668, 685–86 (1984).   In civil cases, the right can arise from the Due Process Clause of the Fifth Amendment, but the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases.").

11

The Fort Worth court declared Section 263.405(i) unconstitutional on the ground that it violates the Separation of Powers Clause of the Texas Constitution. *In re D.W.*, 249 S.W.3d 625, 640 (Tex. App.—Fort Worth), *pet. denied*, 260 S.W.3d 462 (Tex. 2008). It pointed out that the Separation of Powers Clause is violated (1) when one branch of government assumes power more properly attached to another branch or (2) when one branch unduly interferes with another branch so that the other cannot effectively exercise its constitutionally assigned powers. *Id.* at 635.

In *D.W.*, the court considered the constitutionality of Section 263.405(i) when it prohibited the court from addressing the trial court's denial of a mother's motion to extend the dismissal deadline under Section 263.401. *Id.* at 632. After first concluding that the mother properly preserved her objection under Section 263.401 at trial but that she failed to include that issue in her statement of points, the Fort Worth court found that the Legislature, by enacting Section 263.405(i), violated the doctrine of separation of powers by encroaching on the judiciary's substantive power to review issues preserved at trial but not included in a statement of points. *Id.* at 632, 640; *see M.C. v. Tex. Dep't of Family & Protective Servs.*, 300 S.W.3d 305 (Tex. App.—El Paso 2009, pet. denied). Importantly, the *D.W.* court pointed out that Section 263.405(i) does not bar a challenge that "could not have been addressed by the trial court in the first instance." 249 S.W.3d at 632.

The Texas Supreme Court has repeatedly stated that we should not delve into constitutional issues if other grounds dispose of an appeal. *See VanDevender v. Woods*, 222 S.W.3d 430, 432

12

(Tex. 2007) (noting courts should rest decisions on nonconstitutional grounds, if available, and not "wade into ancillary constitutional questions"); *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) ("As a rule, we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds.").

Applying that general restriction, several appellate courts have held that due process or separation of powers issues should not be addressed where there is no showing that the operation of the challenged statute harmed the appellant. *See, e.g.*, *M.C.*, 300 S.W.3d 305; *Walker v. Tex. Dep't of Family & Protective Servs.*, No. 01-07-00867-CV, 2009 WL 1688469, at *7, 12 (Tex. App.—Houston [1st Dist.] June 18, 2009, pet. denied); *In re M.M.F.*, No. 2-08-014-CV, 2008 WL 5265033, at *7 (Tex. App.—Fort Worth Dec.18, 2008, no pet.) (mem. op.); *Tex. Dep't of Family & Protective Servs. v. Dickensheets*, 274 S.W.3d 150, 155 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Payne complains that the trial court made only one of the two required findings under Section 263.401(b)—and that counsel was ineffective in not properly preserving or raising the issue. The statute provides that "the [trial] court may not retain the suit on the court's docket" after the one-year dismissal date unless the court makes specific findings as set out in the statute. TEX. FAM. CODE ANN. § 263.401(b) (Vernon 2008); *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 643 (Tex. 2009).

> b)     . . . the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary

13

circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a).

TEX. FAM. CODE ANN. § 263.401 (Vernon 2008).

The record, however, indicates otherwise. In an omnibus order that includes a section on retaining the suit on the court's docket, the court found that:

> 3.1 Pursuant to § 263.401(b), Texas Family Code, the Court finds that this Court has continuing jurisdiction of this suit, and that extraordinary circumstances necessitate [G.J.P.] and [R.P.] remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the children. An order to retain the case on the Court's docket should be granted.

Thus, the judge made the two findings required by the statute, and there is no showing that the operation of the challenged statute (requiring a statement of points) harmed Payne. We overrule the contention of error.

We affirm the judgment.


Jack Carter
Justice


Date Submitted:     March 24, 2010
Date Decided:       May 5, 2010

14