

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00617-CV

Juan Miguel **MATA**,
Appellant

v.

Maria Elena **MATA**,
Appellee

From the 365th Judicial District Court, Dimmit County, Texas
Trial Court No. 12-02-11581-DCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  June 26, 2013

AFFIRMED

This is an appeal from a final decree of divorce entered in a proceeding brought by Maria Elena Mata against Juan Miguel Mata. Maria filed a petition for divorce against Juan, who was incarcerated at the time of the hearing. A bench warrant was issued so Juan could be present at the hearing. Thus, both parties were present and represented by counsel. The parties then entered into an agreement, which included child custody and support; however, the parties did not agree to a division of debts. Both parties then testified, and the trial court entered a decree in accordance with their agreement and ordered a division of the debt. Juan is appearing pro se on appeal.

In his brief, Juan presents several issues relating to a claim of ineffective assistance of counsel. Juan complains that his counsel was ineffective for failing to introduce evidence, for failing to subpoena witnesses, for signing the divorce decree in violation of Rule 13 of the Texas Rules of Civil Procedure, and for failing to move for a change of venue. However, as a general rule, an ineffective assistance of counsel claim is limited to criminal cases. *See In re A.B.*, No. 04-11-00741-CV, 2012 WL 2126887, at *2 (Tex. App.—San Antonio June 13, 2012, no pet.); *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 343-44 (Tex. App.—Houston [14th Dist.] 2003, no pet.). The only civil cases in which an ineffective assistance claim has been recognized involve parental termination suits or the deprivation of liberty. *See In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (holding there is a right to effective assistance of counsel in parental-rights termination proceedings); *Lanett v. State*, 750 S.W.2d 302, 304 (Tex. App.—Dallas 1988, writ denied) (explaining that the subject of an involuntary commitment proceeding has the right to effective assistance of counsel). The case before us is a divorce proceeding. Although it involves child custody, it does not involve termination of parental rights. *See In re G.J.P.*, 314 S.W.3d 217, 223 (Tex. App.—Texarkana 2010 pet. denied) (holding that unlike in termination proceedings, father was not entitled to court-appointed counsel in conservatorship proceeding). Therefore, Juan cannot bring an ineffective assistance of counsel claim. *See id.*

Also in his brief, Juan complains that the trial court erred in allowing extraneous offense evidence, citing Rule 404 of the Texas Rules of Evidence for support. Juan, however, has failed to brief this issue and, therefore, presents nothing for review on appeal. *See* Tex. R. App. P. 38.1(i) (requiring an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

We therefore affirm the trial court's judgment.

Karen Angelini, Justice