

# Fourth Court of Appeals
## San Antonio, Texas

March 5, 2019

No. 04-18-00857-CV

**INTEREST OF B.V., A CHILD**,

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-00239
Honorable Karen H. Pozza, Judge Presiding

# O R D E R

Appellant father is appealing a final order terminating his parental rights in a private termination suit. The order was entered after this court reversed a prior order and remanded the cause to the trial court for further proceedings. *In re Baby V.*, No. 04-16-00754-CV, 2017 WL 1161176, at *1 (Tex. App.—San Antonio Mar. 29, 2017, no pet.). In the prior appeal and at the new trial held in the underlying cause after remand, appellant was represented by appointed counsel.

By order dated January 9, 2019, we denied appellant's request for the appointment of counsel to represent him in this appeal, noting he had no statutory right to appointed counsel in a private termination suit. *See In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2018, pet. denied). Appellant has filed a letter requesting that we reconsider our prior order, noting the trial court granted his prior requests for appointed counsel both at the trial and appellate level.

Although appellant does not possess a mandatory statutory right to appointed counsel, the trial court appears to have the discretion to make such an appointment. *See In re K.B.B.*, No. 12-16-00248-CV, 2017 WL 787094, at *3 (Tex. App.—Tyler Mar. 1, 2017, pet. denied) (noting Texas Family Code "appear[s] to permit, in a private termination suit, permissive appointment of an attorney ad litem for a parent"); *In re B.C.T.*, No. 11-12-00359-CV, 2013 WL 1932914, at *1 (Tex. App.—Eastland May 9, 2013, pet. denied) ("Although a trial court may appoint an attorney ad litem to represent an indigent parent in a termination proceeding that is brought by a party other than a governmental entity, no statutory mandate exists when the suit is brought by a private party rather than a governmental entity."); *In re D.L.S.*, No. 02-10-00366-CV, 2011 WL 2989830, at *2 (Tex. App.—Fort Worth July 21, 2011, no pet.) ("Texas Family Code section 107.021(a) provides only for discretionary appointments in private termination suits."); *In re G.J.P.*, 314 S.W.3d 217, 222 n.3 (Tex. App.—Texarkana 2010, pet. denied) ("Under present statutory authority, such an appointment is discretionary under Section 107.021 of the Texas Family Code."); *In re J.C.*, 250 S.W.3d at 489 (noting appellate court abated the cause to the trial court to consider the availability, if any, of discretionary appointment of counsel); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 32 (1981) (leaving the decision whether due

process requires appointment of counsel for indigent parents in termination proceedings to be decided by the trial court and subject to appellate review). Therefore, appellant's request that we reconsider our prior order denying his request for the appointment of counsel is GRANTED. This appeal is ABATED to the trial court to consider its discretionary authority to grant such a request. The trial court is ORDERED to cause a supplemental clerk's record to be filed in this appeal no later than two weeks from the date of this order containing the trial court's order ruling on appellant's request for the appointment of counsel to represent him in this appeal. All other appellate deadlines are suspended pending reinstatement of the appeal.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of March, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court