

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00063-CV

———————————————————

IN RE: A PURPORTED LIEN OR CLAIM AGAINST RUSSELL MAUER, OWNER OF REAL PROPERTY

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 19-0536-16

Before Bassel, J.; Sudderth, C.J.; and Womack, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

On March 4, 2019, we notified Appellant HEB Homes, LLC of our concern that we may not have jurisdiction over this appeal because the notice of appeal was not timely filed. The trial court's judgment was signed on January 23, 2019; therefore, the notice of appeal was due February 12, 2019, but was not filed until February 22, 2019. *See* Tex. Gov't Code Ann. § 51.903(c) (providing that "[a]n appellate court shall expedite review of a court's finding under this section," which relates to an action on a fraudulent lien on property); *see also* Tex. R. App. P. 26.1(b) (providing deadline for filing accelerated appeal), 28.1(a) (providing that appeals required by statute to be expedited are accelerated appeals), 28.1(b) (providing how to perfect an accelerated appeal). We further asked HEB Homes to advise us whether it had properly addressed, stamped, and delivered the notice of appeal to the mailbox for mailing to the trial court clerk on or before the last day for filing a motion to extend the time to file the notice of appeal and to provide us with a reasonable explanation for the late filing. *See* Tex. R. App. P. 9.2(b), 10.5(b)(2)(A), 26.3. We have received no response.

An appellate court may extend the time to file a notice of appeal if, within fifteen days after the due date, the appellant files its notice of appeal and a motion for extension of time in the appellate court. Tex. R. App. P. 26.3. A motion for extension of time is implied when a notice of appeal is filed in good faith within fifteen days following the appellate deadline. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). An appellant, however, is required to offer a reasonable explanation for

2

the delay in filing the notice of appeal.  *See* Tex. R. App. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *In re G.J.P.*, 314 S.W.3d 217, 221 (Tex. App.—Texarkana 2010, pet. denied).

As HEB Homes has not provided any explanation for its delay in filing its notice of appeal, we lack jurisdiction over this appeal.  *See Jones*, 976 S.W.2d at 677; *G.J.P.*, 314 S.W.3d at 221.  Accordingly, we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

Per Curiam

Delivered:  April 25, 2019