

# Fourth Court of Appeals
## San Antonio, Texas

July 23, 2019

No. 04-18-00857-CV

**INTEREST OF B.V., A CHILD**,
Appellant

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-00239
Honorable Karen H. Pozza, Judge Presiding

# O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
                 Irene Rios, Justice
                 Liza A. Rodriguez, Justice

By order dated March 5, 2019, we abated this appeal to the trial court to consider its discretionary authority to grant appellant's request for appointed counsel. *See In re K.B.B.*, No. 12-16-00248-CV, 2017 WL 787094, at *3 (Tex. App.—Tyler Mar. 1, 2017, pet. denied) (noting Texas Family Code "appear[s] to permit, in a private termination suit, permissive appointment of an attorney ad litem for a parent"); *In re B.C.T.*, No. 11-12-00359-CV, 2013 WL 1932914, at *1 (Tex. App.—Eastland May 9, 2013, pet. denied) ("Although a trial court may appoint an attorney ad litem to represent an indigent parent in a termination proceeding that is brought by a party other than a governmental entity, no statutory mandate exists when the suit is brought by a private party rather than a governmental entity."); *In re D.L.S.*, No. 02-10-00366-CV, 2011 WL 2989830, at *2 (Tex. App.—Fort Worth July 21, 2011, no pet.) ("Texas Family Code section 107.021(a) provides only for discretionary appointments in private termination suits."); *In re G.J.P.*, 314 S.W.3d 217, 222 n.3 (Tex. App.—Texarkana 2010, pet. denied) ("Under present statutory authority, such an appointment is discretionary under Section 107.021 of the Texas Family Code."); *In re J.C.*, 250 S.W.3d at 489 (noting appellate court abated the cause to the trial court to consider the availability, if any, of discretionary appointment of counsel); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 32 (1981) (leaving the decision whether due process requires appointment of counsel for indigent parents in termination proceedings to be decided by the trial court and subject to appellate review). On March 7, 2019, the trial court signed an order appointing counsel to represent appellant "on the appeal of this case."

On July 17, 2019, this court issued its opinion and judgment. Appellant's appointed attorney has now filed an expedited motion for clarification of the order appointing him. The motion notes the right to appointed counsel extends to proceedings in the Texas Supreme Court.

*In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). However, counsel is unclear whether his appointment extends to the filing of a motion for rehearing in this court and a petition for review in the Texas Supreme Court. It is therefore ORDERED that this appeal is ABATED to the trial court to clarify its order regarding whether its appointment extends to the filing of a motion for rehearing in this court and a petition for review in the Texas Supreme Court. It is FURTHER ORDERED that the trial court cause a supplemental clerk's record containing its clarification order to be filed in this court no later than ten days from the date of this order. On its own motion, this court extends the deadline for filing a motion for rehearing in this appeal to fifteen days after this court reinstates this appeal on our docket.

_Sandee Bryan Marion_
Sandee Bryan Marion, Chief Justice

        IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of July, 2019.



_Keith E. Hottle_
Keith E. Hottle,
Clerk of Court