

# Fourth Court of Appeals
## San Antonio, Texas

August 8, 2019

No. 04-18-00857-CV

**INTEREST OF B.V., A CHILD**,

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-00239
Honorable Karen H. Pozza, Judge Presiding

# O R D E R

Sitting:      Sandee Bryan Marion, Chief Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

By order dated March 5, 2019, we abated this appeal to the trial court to consider its discretionary authority to grant appellant's request for appointed counsel. *See In re K.B.B.*, No. 12-16-00248-CV, 2017 WL 787094, at *3 (Tex. App.—Tyler Mar. 1, 2017, pet. denied) (noting Texas Family Code "appear[s] to permit, in a private termination suit, permissive appointment of an attorney ad litem for a parent"); *In re B.C.T.*, No. 11-12-00359-CV, 2013 WL 1932914, at *1 (Tex. App.—Eastland May 9, 2013, pet. denied) ("Although a trial court may appoint an attorney ad litem to represent an indigent parent in a termination proceeding that is brought by a party other than a governmental entity, no statutory mandate exists when the suit is brought by a private party rather than a governmental entity."); *In re D.L.S.*, No. 02-10-00366-CV, 2011 WL 2989830, at *2 (Tex. App.—Fort Worth July 21, 2011, no pet.) ("Texas Family Code section 107.021(a) provides only for discretionary appointments in private termination suits."); *In re G.J.P.*, 314 S.W.3d 217, 222 n.3 (Tex. App.—Texarkana 2010, pet. denied) ("Under present statutory authority, such an appointment is discretionary under Section 107.021 of the Texas Family Code."); *In re J.C.*, 250 S.W.3d at 489 (noting appellate court abated the cause to the trial court to consider the availability, if any, of discretionary appointment of counsel); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 32 (1981) (leaving the decision whether due process requires appointment of counsel for indigent parents in termination proceedings to be decided by the trial court and subject to appellate review). On March 7, 2019, the trial court signed an order appointing counsel to represent appellant "on the appeal of this case."

On July 17, 2019, this court issued its opinion and judgment. On July 22, 2019, appellant's appointed attorney filed an expedited motion for clarification of the order appointing him. The motion noted the right to appointed counsel extends to proceedings in the Texas

Supreme Court. *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). However, counsel was unclear whether his appointment extended to the filing of a motion for rehearing in this court and a petition for review in the Texas Supreme Court.

By order dated July 23, 2019, we abated the appeal to the trial court to clarify whether counsel's appointment extended to the filing of a motion for rehearing in this court and a petition for review in the Texas Supreme Court. On August 6, 2019, a supplemental clerk's record was filed containing the trial court's order finding appellant's appointed attorney completed all duties for which he was appointed and discharging him from any further services. It is therefore ORDERED that this appeal is REINSTATED on the docket of this court. Appellant's motion for rehearing, if any, must be filed in this court no later than fifteen days from the date of this order.

_____
Sandee Bryan Marion, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of August, 2019.

_____
Keith E. Hottle,
Clerk of Court