

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00056-CV

_____

IN THE INTEREST OF C.A. AND C.A., CHILDREN

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2019-1970-CCL2

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

On April 13, 2021, the trial court signed an order terminating Mother's and Father's parental rights to C.A. and C.A. As a result, any notice of appeal by Mother or Father was due twenty days later, on May 3, 2021. *See* TEX. FAM. CODE ANN. § 263.405(a) (establishing that appeals from final termination orders are accelerated); TEX. R. APP. P. 26.1(b) (establishing that notice of appeal in accelerated appeal is due "within 20 days after the judgment or order is signed"). "Filing a motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal." TEX. R. APP. P. 28.1(b). The period for filing a notice of appeal may be extended under Rule 26.3 of the Texas Rules of Appellate Procedure, but to have availed themselves of that provision, Mother's and Father's notices of appeal would had to have been filed within fifteen days of May 3, 2021, or on or before May 18, 2021. *See* TEX. R. APP. P. 26.3. Mother's notice of appeal was filed on June 15, 2021, and Father's notice of appeal was filed on June 21, 2021, both well past the filing deadline and much too late to take advantage of the extension provision of Rule 26.3.

By letter of June 24, 2021, we notified respective counsel for Mother and Father of this potential defect in our jurisdiction and afforded both the opportunity to demonstrate proper grounds for our retention of the appeal. Counsel for Mother and Father both responded to our letter, claiming that their respective clients did not have counsel during a critical stage of the proceedings—following entry of the final order. The record demonstrates the following:

- The order of termination relieved respective trial counsel for Mother and Father of their duties and notified the parties of their right to appeal.

2

- After the order of termination was signed, respective trial counsel for Mother and Father filed post-judgment motions on behalf of Mother and Father.

- On May 14, 2021, the trial court reappointed counsel for Mother and Father. Each order for reappointment of counsel stated that counsel was "reappointed to represent [the parent] as counsel during the court's plenary jurisdiction and as appellate counsel should [the parent] wish to appeal."

Even though counsel was reappointed to represent Mother and Father on May 14, 2021, in sufficient time to file a notice of appeal in conjunction with a Rule 26.3 motion for extension of time, neither party filed such a notice and motion by the final deadline of May 18, 2021. Instead, as previously mentioned, both notices of appeal were filed well beyond that deadline. The Supreme Court of Texas has held:

> In an ordinary civil appeal in which the deadline to file the notice of appeal is otherwise thirty days after the judgment or order is signed, filing one of the post-judgment motions identified in rule 26.1(a) extends the deadline to ninety days. But we hold that in an accelerated appeal, absent a rule 26.3 motion, the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions, and filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law will not extend that deadline. Allowing such post-order motions to automatically delay the appellate deadline is simply inconsistent with the idea of accelerating the appeal in the first place.

*In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005); *see* TEX. R. APP. P. 28.1(b); *In re G.J.P.*, 314 S.W.3d 217, 221 (Tex. App.—Texarkana 2010, pet. denied) (motion to extend time to file notice of appeal implied when appellant, in good faith, files notice beyond time allowed, but within the fifteen-day extension period).

Appellate courts are not authorized to alter the deadlines for perfecting appeals in civil cases. S*ee M.M.S. v. Tex. Dep't of Family & Protective Servs.*, No. 03-19-00755-CV, 2019 WL 6795867, at *1 (Tex. App.—Austin Dec. 13, 2019, no pet.) (mem. op.) (dismissing appeal from

3

judgment terminating parental rights because notice of appeal was untimely); *In re A.L.R.M.*, No. 06-18-00043-CV, 2018 WL 3400818, at *1 (Tex. App.—Texarkana July 13, 2018, pet. denied) (mem. op.) (holding that dismissal of appeal for failure to timely file a notice of appeal pursuant to Rules 26.1(b) or 26.3 of the Texas Rules of Appellate Procedure is appropriate as "[appellate courts] are not authorized to alter the deadlines for perfecting appeals in civil cases"); *In re A.R.*, No. 06-17-00046-CV, 2017 WL 1953419, at *1 (Tex. App.—Texarkana May 10, 2017, no pet.) (mem. op.) (dismissing appeal from judgment terminating parental rights because appeal was untimely); *see also* TEX. R. APP. P. 2 (although appellate courts may "suspend a rule's operation in a particular case and order a different procedure," an appellate court "must not construe this rule . . . to alter the time for perfecting an appeal in a civil case").

Because neither Mother nor Father timely filed their respective notices of appeal, we dismiss this appeal for want of jurisdiction.

> Josh R. Morriss, III
> Chief Justice

Date Submitted: July 22, 2021
Date Decided: July 23, 2021