**Affirmed and Memorandum Opinion filed June 25, 2026**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00200-CV

## IN THE INTEREST OF R. L. M., A CHILD

**On Appeal from the 98th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-FM-24-001120**

## MEMORANDUM OPINION

This is an appeal from an "Agreed Order in Suit Affecting the Parent-Child Relationship." The district court entered the order based on the parties' mediated settlement agreement (MSA). In four issues, Father asserts that the trial court erred in entering the order. We affirm.

### BACKGROUND

R.L.M. is the child of appellant (Father), and appellee (Mother). Mother filed a petition in a suit affecting the parent child relationship and the parties attended

mediation, which produced an MSA. Both parties were represented by counsel. After mediation, Father's counsel withdrew and Mother and Father attended a hearing on Mother's motion to enter an order based on the MSA before an associate judge. At the hearing, Father claimed he had not signed the MSA despite the fact that the MSA contained his electronic signature. The associate judge recommended entry of the order in accordance with the MSA but Father filed a motion for de novo review. *See* Tex. Fam. Code § 201.015. Mother's attorney set a hearing with a district judge on Mother's motion to enter an agreed order for August 28, 2025, and served Father with a notice of the hearing.

Father did not appear at the August 28 hearing. The district court entered an Agreed Order in Suit Affecting the Parent-Child Relationship in accordance with the MSA. Father filed a motion for new trial, seeking to vacate the district court's order on the grounds that he had not received proper notice of the hearing, he had not signed the MSA, the MSA was unconscionable, and he had obtained new evidence. The district court denied the motion for new trial and this appeal followed.

ANALYSIS

Father challenges the district court's order on the following grounds: (1) the MSA was forged and unconscionable and there was no evidence of a meeting of the minds, (2) Father's due process rights were violated because he did not receive timely notice of the hearing to enter the order, and (3) it was an abuse of discretion for the district court to ignore allegations of child endangerment and ineffective assistance of counsel.

I. **The District Court Properly Rendered an Order Based on the MSA.**

In his first and fourth issues, Father challenges the validity of the MSA and

the evidence supporting it.[1] An MSA is binding on the parties if the agreement:

> (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;
>
> (2) is signed by each party to the agreement; and
>
> (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

Tex. Fam. Code § 153.0071(d). If an MSA meets these statutory formalities, a trial court does not have discretion to decline to render judgment or deviate from the MSA.[2] *Id.* § 153.0071(e) ("If a mediated settlement agreement meets the requirements of Subsection (d), a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law."); *Highsmith v. Highsmith*, 587 S.W.3d 771, 775 (Tex. 2019) (stating that an MSA that meets the statutory formalities "requires" the rendition of an order adopting the agreement). Whether an MSA complies with the statutory requirements is a question of law subject to de novo review. *Spiegel v. KLRU Endowment Fund*, 228 S.W.3d 237, 241 (Tex. App.—Austin 2007, pet. denied).

The MSA prominently stated in capital, underlined letters that the agreement was not subject to revocation. The MSA also contained electronic signatures of Father, Mother, and their attorneys and provided that it "may be signed, in whole or in part, using electronic signatures." *See* Tex. Bus. & Com. Code § 322.007(d) ("If a law requires a signature, an electronic signature satisfies the law."). The MSA met the requirements of section 153.0071(d) and Mother was entitled to judgment on the

---

[1] Father also states in his first issue that the MSA is void but does not elaborate further, so this issue is waived. *See* Tex. R. App. P. 38.1(i).

[2] Under a statutory exception, a court may decline to enter judgment on an MSA if the court makes certain family-violence, abuse, or sex offender findings. Tex. Fam. Code § 153.0071(e–1).

MSA under section 153.0071(e).

Father claims that his signature on the MSA was forged and that the "record is devoid of any legally cognizable evidence of a valid signature." Father did not appear at the de novo hearing on the motion to enter the order, but he presented this argument in a motion for new trial. In that motion he asserted that "the signature purporting to be his is not authentic, and the document was not considered or signed by him." Father claimed that Mother's attorney "deliberately withheld information" from the trial court regarding Father's "challenge of the signature," and Mother's attorney was not "physically present and cannot confirm that the electronic signature was, in fact, executed by" Father.

Because Father presented these claims in a motion for new trial, we construe his issue as a challenge to the denial of that motion. We review the denial of a motion for new trial for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). Further, "[w]hen ruling on a motion for new trial, the trial court serves as fact finder and may resolve disputed issues of fact." *McMaster v. McMaster*, No. 04-24-00328-CV, 2026 WL 927230, at *1 (Tex. App.—San Antonio Apr. 1, 2026, no pet.) (mem. op.).

The electronic signature on the MSA is some evidence of Father's signature. Father did not provide any evidence in support of his statement that the signature was not valid. And contrary to Fathers assertions, at the hearing to enter the final order, Mother's attorney did inform the trial court of Father's challenge to his signature on the MSA. Mother's attorney stated at the hearing that Father was "trying to defraud the Court and say he didn't sign the MSA." Mother's attorney pointed out that the parties mediated the case on April 9, 2025 and all the parties signed the

MSA.[3] Father was represented by counsel at that time and did not challenge the signature until after Father's attorney had withdrawn and Mother's attorney set her motion for an order on the MSA for hearing. Mother's attorney also noted that Father's signature was from Docusign, "[s]o someone would have to have hacked his email account . . . ." On this record, the trial court did not abuse its discretion in resolving the fact issue and concluding that Father's signature on the MSA was valid.

Father next claims that the MSA is unconscionable, asserting that his child support obligation is "inherently oppressive."[4] However, as the Supreme Court has explained, "[i]f a mediated settlement agreement meets the formal statutory requirements, the trial court will not go behind the signed agreement to evaluate its merits but must render judgment on the parties' agreement." *Milner v. Milner*, 361 S.W.3d 615, 616 (Tex. 2012). Permitting a claim of unconscionability would run counter to section 153.0071(e)'s provision that a party is entitled to judgment on an MSA that meets the statutory requirements. *See Crowson v. Crowson*, No. 03-11-00795-CV, 2013 WL 6665022, at *7 (Tex. App.—Austin Dec. 13, 2013, pet. denied) (mem. op.) (rejecting party's claim that an MSA should be set aside on the ground that it was unconscionable because "the trial court had no discretion to reject the MSA").

Father also claims that there was no evidence of a meeting of the minds because neither party understood the terms of the MSA. *See David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008) ("A meeting of the minds is necessary to form a binding contract.") (per curiam). Father failed to raise this issue in the trial court so it is waived. *See Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365

---

[3] Father's signature was dated April 11, 2025. His attorney's signature was dated April 9, 2025.

[4] Father also claims the MSA is unconscionable because it prohibits future modifications. However, he fails to point to any such provision in the MSA.

S.W.3d 314, 317 (Tex. 2012) (per curiam) ("Generally, to preserve a complaint for appellate review: (1) a party must complain to the trial court by a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion." (citing Tex. R. App. P. 33.1(a)). We overrule Father's first and fourth issues.

## II.     Father Timely Received Notice of the Hearing to Enter an Order Based on the MSA.

In his second issue, Father asserts that his due process rights were violated because he did not receive timely notice of the hearing to enter the final order in violation of Texas Rule of Civil Procedure 21(b). *See Highsmith*, 587 S.W.3d at 778 (holding that due process requires a party be given notice of a hearing to enter judgment based on an MSA). Father claims he received notice of the August 28, 2025 hearing on August 25. Under Rule 21(b), notice of a hearing must be served "not less than three days before the time specified for the court proceeding . . . ." Tex. R. Civ. P. 21(b). Rule of Civil Procedure 4 sets out the method for calculating the number of days required for notice and under its plain language, "the day of service is not to be included . . . and the day of hearing is." *Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex. 1994); Tex. R. Civ. P. 4 ("In computing any period of time prescribed or allowed by these rules, . . . the day of the act . . . after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included . . . .") Excluding August 25 (the day of service), but including August 28 (the day of the hearing), Father received the required three days' notice of the hearing: August 26, 27, and 28. We overrule Father's second issue.

**III.** **The District Court did not Abuse its Discretion in Declining to Grant a New Trial Based on Father's Claim of New Evidence or Ineffective Assistance of Counsel.**

In Father's third issue he claims the trial court abused its discretion by "ignoring sworn allegations of child endangerment and ineffective assistance." In Father's motion for new trial, he claimed that he had discovered new evidence including evidence of "Mother's use of an activated taser as a means to scare the child." To be entitled to a new trial based on newly discovered evidence, a party is required to show:

> (1) the evidence has come to its knowledge since the trial, (2) its failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted.

*Waffle House*, 313 S.W.3d at 813.

Father failed to address the required criteria in his motion for new trial or in this court. He claimed that the evidence was "new," but he never claimed he discovered the evidence after the hearing. Rather, he claims his prior counsel failed to present the evidence.[5]

In this court, Father further contends that the trial court's primary consideration is the best interest of the child and claims that the trial court failed to "perform[] its mandatory duty to investigate physical danger" based on the "allegation of a taser incident." But the Supreme Court has held that "a trial court may not deny a motion to enter judgment on a properly executed MSA under section 153.0071 based on a broad best interest inquiry." *In re Lee*, 411 S.W.3d 445, 457–58 (Tex. 2013). The Court explained that "[b]y its plain language, section 153.0071 authorizes a court to refuse to enter judgment on a statutorily compliant MSA on

---

[5] Father's counsel withdrew prior to the hearing before the associate judge.

best interest grounds *only* when the court also finds" that other statutory exceptions set out in Section 153.0071(e-1) have been met. *Id.* at 453. Section 153.0071(e-1) provides that a court may decline to enter judgment on an MSA if the court finds:

> (1) that:
>> (A) a party to the agreement was a victim of family violence, and that circumstance impaired the party's ability to make decisions; or
>>
>> (B) the agreement would permit a person who is subject to registration under Chapter 62, Code of Criminal Procedure, on the basis of an offense committed by the person when the person was 17 years of age or older or who otherwise has a history or pattern of past or present physical or sexual abuse directed against any person to:
>>> (i) reside in the same household as the child; or
>>>
>>> (ii) otherwise have unsupervised access to the child; and
>
> (2) that the agreement is not in the child's best interest.

Tex. Fam. Code § 153.0071(e-1). "Allowing a court to decline to enter judgment on a valid MSA on best interest grounds without [(e-1)] findings would impermissibly render the . . . language in subsection (e–1) superfluous." *Lee*, 411 S.W.3d at 453.

In the trial court, Father claimed that he had evidence of "Mother's use of an activated taser as a means to scare the child." And in his brief in this court he refers to "a taser incident." Father does not claim or explain how this incident would support a finding of "a history or pattern of past or present physical . . . abuse" under (e-1). The trial court did not abuse its discretion in denying Father's motion for new trial based on his claim of new evidence.

As for Father's claim of ineffective assistance of counsel, such a claim is not available in this SAPCR. "Ineffective assistance of counsel is a constitutional claim that is only available in very limited situations. Generally, it can be raised only in criminal cases (where loss of freedom is at stake) and parental rights termination

8

cases (where the relationship between parent and child is permanently severed)." *In re G.J.P.*, 314 S.W.3d 217, 223 (Tex. App.—Texarkana 2010, pet. denied). Neither of these situations is present here. We overrule Father's third issue.

## CONCLUSION

We affirm the trial court's order.


<u>/s/ April Farris</u>
April Farris
Justice


Panel consists of Chief Justice Brister and Justices Field and Farris.